NATIONAL BANK OF NORTH HUDSON, Appellant, *v.* ROBERT H. KENNEDY and Others, Trading as MORRIS & SMITH, Respondents.

First Department, June 8, 1928.

**Depositions — examination of witnesses before trial — officers of plaintiff bank stole money from it and assigned claim against defendant in settlement — officers are not now connected with bank and are out of State — error to require plaintiff to produce said officers, or, in default, restrain it from prosecuting action — defendants may procure testimony by commission.**

This action is on a claim assigned to the plaintiff by two of its former officers who had defaulted, and who assigned the claim in settlement. The defendants

have obtained an order requiring the plaintiff to produce the officers who are not now connected with it and are out of the State, for examination before trial, and in default staying the prosecution of the action.

The order was erroneously granted, for, while the defendants had the right to examine the two officers, there is nothing to show that the plaintiff has any control over them at this time nor does it appear that the plaintiff is lacking in due diligence in assisting the defendants to obtain the presence of the two former officers.

If it had appeared that the assignment of the cause of action was for the purpose of denying to the defendants the right of an examination, the action would have been properly stayed.

The defendants may procure the testimony by means of a commission.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of March, 1928.

*Otho S. Bowling* of counsel [*Robert H. Elder, Harold H. Corbin* and *Alexander Simpson,* attorneys], for the appellant.

*Robert D. Steefel* of counsel [*Stroock & Stroock,* attorneys], for the respondents.

PER CURIAM. The appeal is from an order staying the plaintiff, a foreign banking corporation, from proceeding with this action until it produces its assignors for an examination before trial. The assignors were two officers who had stolen funds from the plaintiff bank. In an effort to obtain restitution for its stockholders, the bank had obtained from these officers an assignment of their rights in an account which they had with the defendant stockbrokers. In aid of affirmative defenses, consisting of an account stated, payment and laches, the defendants obtained an order to examine before trial the assignors of the plaintiff. The defaulting officers are not now connected with the plaintiff, remain without the State, and there is nothing to show that the plaintiff has any control over them. Nor does it appear that the plaintiff is lacking in due diligence in assisting the defendants to obtain the presence of the two assignors for the purpose of the examination before trial. If the record were otherwise or if it had appeared even inferentially that the assignment of the cause of action was for the purpose of denying to the defendants their right to an examination before trial, the action would have been properly stayed. The defendants may, of course, procure the testimony by means of a commission and, if the circumstances warrant, by an open commission. It follows that upon this record the order staying the plaintiff from proceeding until it produces its assignors was not justified.

The order should, therefore, be reversed, with ten dollars costs

and disbursements to the appellant, and the motion denied, with ten dollars costs.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and PROSKAUER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.