RUTH MANLEY, Respondent, *v.* STUART SILVER Co. INC., Appellant, et al., Defendants.

Supreme Court, Appellate Term, First Department, November 6, 1952.

*Henry Waldman* for appellant.

*S. S. Goldsmith* for respondent.

*Per Curiam.* A nonresident plaintiff may be required to appear in this State for examination (*Island Supply Co.* v. *Sylvania Ins. Co.*, 127 Misc. 598). There is no good reason for holding that a nonresident assignor of the plaintiff should not be required to appear here for examination. Plaintiff maintains that an order requiring the nonresident assignor to appear here for examination would be futile and unenforcible. This is, however, not necessarily so. In *National Bank of North Hudson* v. *Kennedy* (223 App. Div. 680) the opinion indicates that a plaintiff may be stayed for failure of his assignor to comply with an order for the latter's examination if the plaintiff has sufficient control over the assignor to secure his presence here in compliance with the order for his examination. The question of whether the instant plaintiff does possess such control of her assignor should not be determined at this time but upon a motion to stay the plaintiff in the event the assignor fails to appear here. It should be pointed out, in this connection, that the plaintiff has failed to deny the statement made in the moving affidavit that the purpose of the assignment was merely to avoid security for costs and that the assignor is the real party in interest, by which the defendant clearly means that he controls the plaintiff.

The items as to which examination is sought are all material and necessary to the issues raised by the pleadings.

The order should be reversed, with $10 costs, and motion granted. Examination to take place in the Municipal Court, Borough of Manhattan, First District, Special Term Part I, on November 17, 1952, at 10:00 A.M.

HOFSTADTER, SCHREIBER and HECHT, JJ., concur.

Order reversed, etc.