■ URITH DILLON, Respondent, v. ROY PEPPER, Appellant.— In an action to recover damages for injuries to person (1st cause of action) and to property (2d cause of action), the appeal is (1) from an order entered April 23, 1958 setting aside as inadequate a jury verdict in favor of respondent for $4,000 on her first cause of action, severing the causes of action and ordering a new trial of the first cause of action unless the parties stipulated, within 20 days after the entry of such order, to increase the amount of the verdict to $15,000, and directing that respondent may enter judgment in her favor for $185 on her second cause of action, (2) from the judgment entered thereon, and (3) from an order entered July 9, 1958 resettling the order entered April 23, 1958 so as to set aside the said verdict and to order a new trial on the first cause of action unless the appellant, within 20 days after the determination by the Appellate Division of the appeal from the order entered April 23, 1958, stipulate to increase the amount of the verdict to $15,000. Appeal from order entered April 23, 1958 dismissed, without costs. Judgment modified by striking therefrom everything commencing with the words "the judgment" in the second decretal paragraph to and including the word "Let". As so modified, judgment unanimously affirmed, without costs. Order entered July 9, 1958 unanimously affirmed, without costs. By appealing from the order entered July 9, 1958, appellant has waived his right to prosecute the appeal from the order entered April 23, 1958. (*Matter of Lee,* 6 A D 2d 897.) In view of the entry of the order on July 9, 1958 resettling the order entered April 23, 1958, the judgment must be modified accordingly. In our opinion, the verdict on the first cause of action was grossly inadequate. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ PETER DOELGER, INCORPORATED, Respondent, v. L. FATATO. INC., Appellant.— In an action by an assignee to recover for goods sold and delivered by its assignor, a Delaware corporation whose office at the time of the transactions was in Lowell, Massachusetts, and whose office is presently in Miami, Florida, the appeal is from an order, *inter alia,* denying appellant's motion (1) to vacate respondent's notice to examine appellant before trial, (2) to direct respondent to produce for examination before trial its assignor, by S. J. Schaefer, its vice-president, and William F. O'Connell, its former sales manager, (3) for the production of the assignor's books and records, and (4) to stay respondent from proceeding in the action until after the completion of the examination before trial by appellant. Order affirmed, with $10 costs and disbursements, without prejudice to an application by appellant, if it be so advised, to examine the assignor upon written interrogatories or open commission. In our opinion, there was no showing that respondent has control of its assignor. (*National Bank of North Hudson* v. *Kennedy,* 223 App. Div. 680.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.