In the Matter of the Arbitration between ALBERT H. GUETTA, Appellant-Respondent, and RAXON FABRICS CORP., Respondent-Appellant.

First Department, January 13, 1987

## APPEARANCES OF COUNSEL

*Myron C. Fox* for appellant-respondent.

*Mark C. Morril* of counsel *(M. Graham Coleman, II,* with him on the brief; *Kay Collyer & Boose,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

WALLACH, J.

Because an arbitrator is not required to give any reasons for his decision, his award cannot be attacked on the ground that he refused to consider or failed to appreciate particular arguments or evidence tendered to him.

Petitioner (herein, the employee) entered into respondent's (herein, the employer) employment in June 1968. In September 1973, the parties executed a written employment contract containing a broad arbitration clause. In March 1983, shortly after being discharged, the employee demanded arbitration as to whether the employer was in breach of the salary and profit sharing provisions of this contract. Proceeding to arbitration, the employer served an answer denying any breach of the contract and "stat[ing] by way of defense" that the contract had terminated in September 1976. At the hearing, the employer asserted that its continued employment of the employee until October 1982 at a lesser salary and without the profit sharing benefits provided for in the contract was on an oral, at-will basis—a "gesture of kindness". It also appears that at the hearing, and certainly in a posthearing memorandum of law submitted to the arbitrator, the employer urged, among other things, that the employee's claim was barred by the Statute of Limitations insofar as it sought money due before March 1977.

The arbitrator's award consisted of an introductory paragraph, a first paragraph directing the employer to pay the employee $231,263 "for breach of contract", a second paragraph allocating the administrative fees of the American Arbitration Association between the parties, and a third paragraph stating that the award was in full settlement of all claims submitted. In the introductory paragraph, the arbitrator recited that he had been duly sworn, that the employee

had "disclosed his dollar claim at the hearing", that the employer "raised no objection to said claim", and that the arbitrator had "duly heard the proofs and allegations of the Parties".

The employer, by way of a cross motion to the employee's motion to confirm, sought to vacate the award arguing, in substance, that it was absurd for the arbitrator to say that the claim was uncontested. Special Term concurred. Finding the statement that the claim was uncontested to be "completely incorrect", Special Term, citing *Matter of PPX Enters. (Scepter Records)* (51 AD2d 321), ruled "that the award was unresponsive to the issues posed" and that there was a "serious question as to whether [the employer's] case was properly considered by the arbitrator." At first, Special Term directed a "new hearing" before a different arbitrator, but then, upon the employee's motion for reargument, decided that the matter warranted only "further consideration" by the same arbitrator, "particularly with reference to his apparently incorrect statement that there was no objection to the claim raised at the hearing." The employer appealed on the ground that the matter should have been remanded for a new hearing before a different arbitrator, but that appeal apparently has never been perfected.

A demand by the employer for an opportunity "to appear and present argument and evidence on remand" was entertained by the arbitrator only to the extent of inviting written comments from the parties with respect to the issues raised on remand. Shortly thereafter, the arbitrator came down with a second award adhering to the result reached in the first, but modifying the introductory, recital paragraph to read as follows: "[The employee] having disclosed the dollar amount of his claim at the hearing held on November 13, 1983, and [the employer] having raised no objection to the interposition of the disclosed claim, but having contested the validity of said disclosed claim . . ."

Once again, by way of cross motion, the employer sought to vacate the award, arguing that to the extent the arbitrator's modified recital was intelligible at all, it could only be understood to mean that the employer did not urge the Statute of Limitations as a defense to the claim when in fact it did. Seeming to raise the stakes somewhat, the employer further argued that the entire claim was barred by the Statute of Limitations, and that this contention went to the essence of its defense in the arbitration. Special Term found that "the

arbitrator's power was so imperfectly executed that a final and definite award on the subject matter was not made", remanded for a modification of the award "so as to reflect the determination with respect to the statute of limitations", and directed the arbitrator on remand to answer the following questions: "(1) What, if any, statute of limitations defense was raised during the original hearing of the case? (2) What were [the] findings with respect to such a defense?" Special Term further ordered "that the arbitrator permit the submission of evidence and argument on the above questions."

The employee appeals from this judgment, arguing that Special Term looked behind the award in an attempt to analyze the arbitrator's reasoning process; the employer cross-appeals, arguing that the court should have directed a new hearing before a different arbitrator.

We first note that the employer, within 20 days after service of the demand, could have sought a stay of the arbitration on the ground that the employee's claim was barred by the Statute of Limitations (CPLR 7502 [b]). Not having done so, the employer remained free to raise the Statute of Limitations before the arbitrator, whose decision on the issue would then be unreviewable for error (CPLR 7502 [b]). Recognizing this, the employer describes the case as "present[ing] the almost unique circumstance of an arbitrator, not who decided an issue erroneously, but who on two separate occasions entered arbitration awards affirmatively suggesting that he had failed or refused to consider the [the employer's] defenses at all."

We quite agree with the employer's initial characterization of the modified recital paragraph as unintelligible. The subject thereof is something denominated a "disclosed claim". For some reason not discernible upon the face of the award, the arbitrator deemed it pertinent to point out that while the employer "raised no objection to the interposition" thereof, it did "contest" its "validity". Aside from reaffirming the first award in all other respects, the modified award purports to say nothing else of substance.

But the arbitrator's failure to make clear what he meant by this recital does not detract from his clear intent to award the employee $231,263. We view the recital as mere surplusage to be disregarded. Apparently inserted to elucidate the result, the recital fails of that purpose. But the arbitrator was under no obligation to explain his decision in the first place *(Matter of Willow Fabrics [Carolina Frgt. Carriers Corp.],* 20 AD2d 864,

*affd* 16 NY2d 929); even less was he required to specifically mention the particular issues he decided or to set forth his findings with respect thereto *(Matter of Colletti [Mesh],* 23 AD2d 245, 247, *affd* 17 NY2d 460; *see,* 5 NY Jur 2d, Arbitration and Award, § 100).

In other words, the award would have been quite sufficient, i.e., final and definite within the meaning of CPLR 7511 (b) (1) (iii), had it made no reference to the employer's failure to object to the "interposition" of the "disclosed claim", but simply directed payment of a fixed sum. This would have been responsive to the submission as to whether the employer was in breach of the contract, and indeed a full adjudication of it *(see, Matter of Cinebox Gen. Adv. [Societa Internazionale Fonovisione],* 29 AD2d 534, *affd* 22 NY2d 705; *cf. Matter of Livingston [Cheney-Frantex, Longford-Weavers],* 14 AD2d 518; *see also, Matter of Kessler [National Cas. Co.],* 8 AD2d 105, *affd* 7 NY2d 909). To be final and definite, it is necessary only that the award resolve the dispute submitted in a manner that does not remit the parties to a new controversy or future litigation, and that unequivocally indicates their respective rights and obligations and what each must do *(Hiscock v Harris,* 74 NY 108, 113; *Matter of Overseas Distribs. Exch. [Benedict Bros. & Co.],* 5 AD2d 498, 499, *see,* 5 NY Jur 2d, Arbitration and Award, §§ 102, 103). No particular format is required to make an award final and definite. "Any form of words which amounts to a decision of the question submitted is good as an award; no technical expressions are necessary, nor any introductory recitals." *(Ott v Schroeppel,* 5 NY 482, 484-485.)

The employer's argument on appeal is built around a construction of the introductory paragraph as indicating a failure on the arbitrator's part to appreciate that an argument based on the Statute of Limitations was indeed being raised. We would first note that this is by no means self-evident upon the face of the award. It could be that the arbitrator deemed such defense waived by reason of it not having been expressly invoked in the employer's answer in the arbitration proceeding. But we need not speculate on the arbitrator's reasoning process, for his analysis of the issues, and indeed, his grasp of even the rudiments of the controversy, are of no moment to the court. The court's only concern is that, after a hearing in which both sides have had a fair opportunity to be heard, the

dispute submitted to the arbitrator be finally and definitely resolved by him in a manner that bears some rational relationship to the parties' contract. That this was done here is sufficiently indicated by an award directing payment of a fixed amount on a breach of contract claim, which amount, measured against the compensation called for in the contract, is not challenged as irrational. "The path of analysis, proof and persuasion by which the arbitrator reached [his] conclusion is beyond judicial scrutiny. The issue resolved having been the issue tendered, and the resolution not being wholly irrational, there is no occasion for judicial intervention." *(Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918, 919.)

In sum, a distinction must be drawn between an arbitrator's failure, on the one hand, to dispose of the controversy submitted *(e.g., Matter of PPX Enters. [Scepter Records],* 51 AD2d 321, *supra),* and his failure, on the other, to consider all of the issues of fact and law that a court would have to consider in order to properly dispose of the same controversy *(e.g., Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274). The former renders an award not final and definite, and thus subject to vacatur under CPLR 7511 (b) (1) (iii); the latter amounts to a mere error of fact or law not judicially reviewable. The employer here, at best, shows no more than the latter.

Accordingly, the judgment (denominated an order) of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered August 16, 1985, which granted both petitioner's motion to confirm an arbitration award and respondent's cross motion to vacate the same award to the extent of remanding the matter to the arbitrator to answer certain questions, should be reversed, on the law, the motion to confirm granted and the cross motion to vacate denied, with costs.

MURPHY, P. J., KASSAL and ELLERIN, JJ., concur.

Judgment (denominated an order), Supreme Court, New York County, entered on or about August 16, 1985, unanimously reversed, on the law, the judgment vacated, the motion to confirm is granted and the cross motion to vacate is denied. Petitioner-appellant-respondent shall recover of respondent-respondent-appellant $50 costs and disbursements of this cross appeal.