■ In the Matter of SEYMOUR KARLIN et al., Appellants, v GORDON ROMAN et al., Respondents.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeals are from (1) an order of the Supreme Court, Nassau County (Roncallo, J.), dated March 10, 1987, which denied the application of Seymour and Florence Karlin to vacate the arbitration award and granted the cross application of Gordon Roman, William Garris and James O'Shea to confirm, and (2) a judgment of the same court, entered April 28, 1987, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that Gordon Roman, William Garris and James O'Shea are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In a written contract Seymour and Florence Karlin agreed to sell to Gordon Roman, William Garris, and James O'Shea all of the shares of two New York corporations, each of which held title to a commercial charter fishing boat. One of the fishing boats had a $99,000 mortgage placed on it that was guaranteed by the National Marine Fisheries Service (hereinafter National Marine). Roman, Garris and O'Shea wanted to place a second mortgage on the fishing boat, and, in order to do so, the Karlins had to obtain a subordination agreement from National Marine. Their failure to obtain such an agreement prevented the parties from closing in a timely fashion, and Roman, Garris and O'Shea canceled the contract.

In deciding that Roman, Garris and O'Shea were entitled to the return of their down payment, the arbitrator stated in the award that the Karlins were to obtain the subordination agreement from the Small Business Administration rather than from National Marine. This mistake of fact or error in the naming of the agency which had to furnish the subordination agreement does not render the arbitrator's determination "completely irrational", and thus no ground exists to vacate the award *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *Lentine v Fundaro,* 29 NY2d 382, 385-386; *see also, Matter of Damast v Damast,* 95 AD2d 776; *Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40). Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.