■ In the Matter of DAVID S. RIDER, as President of the Oakfield-Alabama Teachers Association, Appellant, v OAK-FIELD-ALABAMA CENTRAL SCHOOL DISTRICT, Respondent.—Order unanimously reversed on the law without costs and mo-

tion to confirm arbitrator's decision and award granted, in accordance with the following memorandum: Petitioner (Association) appeals from an order which granted the cross motion of respondent (District) to vacate an arbitration award. The arbitrator had ordered the District to restore to the grievant a paid-up health insurance benefit provided in a collective bargaining agreement. Special Term vacated the award pursuant to CPLR 7511 (b) (1) (iii) on the ground that it violated public policy because the contractual benefit was a "retirement incentive" which the grievant was required to waive under State law (L 1984, ch 665, § 6 [iii]).

Special Term erred in concluding that the claimed statutory violation was sufficient, by itself, to justify vacating the award. A reviewing court should be reluctant to vacate an arbitrator's award on public policy grounds *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630). The threat to public policy in preventing double recovery of early retirement benefits does not amount to a "gross illegality or its equivalent" *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 422 [Breitel, Ch. J., concurring]) and does not necessarily frustrate the overriding public policy embodied in chapter 665 "to reduce personnel costs, promote reinvigoration of the work force and recognize past contributions of employees" (Fiscal Note, Assembly Ways and Means Committee, L 1984, ch 665, at 2998). Thus, the asserted public policy is not sufficiently strong to justify judicial intervention in this case *(see, Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308).

Moreover, it cannot be said on this record that the arbitrator's award is totally irrational *(see, Matter of Raisler Corp. [New York City Hous. Auth.],* 32 NY2d 274, 279; *Lentine v Fundaro,* 29 NY2d 382, 385). Since the parties bargained for and received the arbitrator's interpretation of the contract *(see, Matter of Board of Educ. [Hess],* 49 NY2d 145), there is no basis for disturbing the award *(see, Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918; *Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40, 45). The arbitrator's refusal to determine issues beyond the scope of the collective bargaining agreement was based on a reasonable interpretation of his powers under the contract and is beyond review in any event *(see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 348). (Appeal from order of Supreme Court, Genesee County, Graney, J.—arbitration.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.