■ GUS BEVONA, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Appellant, v CAPRICE MANAGEMENT CORP., Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Ethel B. Danzig, J.), entered on November 24, 1987, which denied a motion by the petitioner, president of a union, to confirm the award of an arbitrator and remanded the matter to the arbitrator for a further hearing, unanimously reversed, on the law, the judgment vacated, and the motion to confirm the arbitrator's award granted, without costs.

In this labor relations dispute, a contract arbitrator found that an employee of the defendant should not have been dismissed from his job and, although indicating discipline was appropriate, held that the discharge was "too severe." The employer was ordered to reinstate the employee without back pay, which latter would be the discipline.

The union sought an order confirming the award, pursuant to CPLR 7510. In opposing the confirmation, an officer of the employer stated that the employee had been otherwise employed during the period of discharge and that the employee was discourteous and violent.

CPLR 7511 (b) sets forth the four grounds which, in the ordinary case, can be the basis for vacating an arbitration award. *(See, Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *Integrated Sales v Maxell Corp.,* 94 AD2d 221.)* None of these grounds is present here.

A court may not substitute its judgment for that of the arbitrator, and once the arbitrator's award is made after a hearing in which both sides have a fair opportunity to be heard, the matter is concluded unless some legal basis is brought forth for overriding the determination. *(Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40.)* Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Wallach, JJ.