■ NICHOLAS PURPURA, Appellant, v BEAR STEARNS COMPANIES INC. et al., Respondents. [656 NYS2d 253] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered April 24, 1996, which denied plaintiff's motion to vacate an arbitration award insofar as it denied his claims on the merits and to remand the matter to the arbitrators for a statement of when the Statute of Limitations expired insofar as the award denied plaintiff's claims as time-barred, unanimously affirmed, with costs.

That the arbitrators did not explain their calculation of the Statute of Limitations, or why plaintiff's claims lack merit, does not mean that the award was not final and definite within the meaning of CPLR 7511 (b) (1) (iii) or imperfect in a matter of form within the meaning of CPLR 7511 (c) (3). The award was properly confirmed because it determined the controversy submitted and does not create a new controversy (*see, Matter of Meisels v Uhr*, 79 NY2d 526, 536), and the clarity of the arbitrators' reasoning process is simply not a matter of concern (*Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 44-45; *Matter of Bay Ridge Med. Group v Health Ins. Plan*, 22 AD2d 807). We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.