■ SAGE REALTY CORPORATION, as Agent for MADISON AVENUE LEASEHOLD, L. L. C., Respondent, v OMNICOM GROUP, INC., Appellant. [718 NYS2d 304] —Order, Supreme Court, New York County (Paula Omansky, J.), entered June 14, 2000, which, in a declaratory judgment action involving the additional rent provision of the parties' commercial lease, upon the parties' respective motions for summary judgment, insofar as appealed from, declared that such provision does not obligate the landlord to compute additional rent based on the lower "new hire" rate contained in a recently effective labor agreement, unanimously affirmed, without costs.

In 1975 the parties' predecessors executed a lease that provided for adjustments to rent based upon the "minimum regular hourly wage rate" paid to porters in the building under a collective bargaining agreement. In 1996 a new collective bargaining agreement became effective under which newly hired porters were to be paid a wage for 30 months at 80% of the rate applicable to present employees. We reject the tenant's claim that this new, lower rate for new hires became the index for calculating additional rent as of the effective date of the 1996 collective bargaining agreement, entitling it to a reduction in rent retroactive to that date. The temporary nature of the wage differential for new hires, and the fact that the two-tier system could not have been contemplated by the parties' predecessors when they entered into the original lease 21 years before, militate against a construction of the lease that would have the lower rate for new hires serve as the rent-adjustment index. We note that the 1996 labor agreement defines the new hire rate as 80% of the "*minimum* regular hourly wage rate" (emphasis added), undermining the tenant's argument that the lease's use of the word "minimum" as a modifier for "regular hourly wage rate" can only be construed to mean the lowest rate in effect. As used in the lease, the most reasonable interpretation of the word "minimum" is that it refers to the regular, permanent rate that determines the amount of all employees' pay. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.