In the Matter of SOLOW BUILDING COMPANY, LLC, Appellant, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent. [776 NYS2d 547]—

Order and judgment (one paper), Supreme Court, New York County (Diane A. Lebedeff, J.), entered April 22, 2003, granting respondent tenant's motion to confirm an arbitration award in its favor and against petitioner landlord, and awarding tenant $519,864 in rent overpayments, plus interest, costs and disbursements, unanimously affirmed, with costs.

The dispute involves the calculation of additional rent under an escalation clause that was the subject of a prior arbitration between the parties. That arbitration determined the method of calculation and culminated in a confirmation order that enjoined landlord from using a different method in future years unless "necessitated by changes in the collective bargaining agreement" on which the escalation clause was based and by which landlord was bound (*Morgan Guar. Trust Co. v Solow*, 114 AD2d 818 [1985], *affd* 68 NY2d 779 [1986]). Thereafter, tenant demanded arbitration of claimed overcharges in rent escalation, and, after an extensive arbitration hearing, was awarded a measure of the relief it sought. It does not avail landlord to argue that the award manifestly disregards the injunction, as well as this Court's decision in *Sage Realty Corp. v Omnicom Group* (278 AD2d 57 [2000]), and therefore must be vacated. Although an arbitration panel may not overtly disregard the law, arbitrators are not strictly tethered to substantive and procedural laws and may do justice as they see it, provided that they do not violate a strong public policy, do not exceed a specifically enumerated limitation on their power and their decisions are not totally irrational (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ.*, 1 NY3d 72, 83 [2003]). In addition, because arbitrators are not required to give reasons

for their decision, an award cannot be attacked on the basis of a dissenting arbitrator's affidavit or other evidence that the panel refused to consider or failed to appreciate particular evidence or arguments (*Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 41, 44-45 [1987]; *Purpura v Bear Stearns Cos.*, 238 AD2d 216 [1997], *lv denied* 90 NY2d 806 [1997]). Thus, the panel's conclusions of law, including the effect, if any, of the injunction or other prior judicial proceedings on the calculation of the escalation, are not judicially reviewable for error, especially where, as here, all the legal arguments were fully presented to the panel for its consideration. We note that the award, which on its face simply directs landlord to pay tenant a sum of money, in no way suggests that landlord's incorrect calculation of the escalation was contemptuous of the injunction, or even inconsistent with the method of calculation determined in the prior arbitration. For all that appears, a method of calculation different from that used by landlord was, in the words of the injunction, "necessitated by changes in the collective bargaining agreement." If that be the basis of the award, findings of fact were made that are also beyond judicial review (*see Matter of Silverman, supra*; *Matter of United Fedn. of Teachers, supra*). Concur—Tom, J.P., Sullivan, Lerner and Marlow, JJ.