■ CARDTRONICS, LP, Respondent, v ST. NICHOLAS BEVERAGE DISCOUNT CENTER, INC., et al., Appellants. [778 NYS2d 299]—

In an action, inter alia, to recover damages for unjust enrichment, the defendants appeal from a judgment of the Supreme Court, Kings County (Martin, J.), entered June 20, 2003, which, upon granting the plaintiff's motion for summary judgment on the first, second, third, and fourth causes of action in the complaint and upon denying their cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against them in the principal sum of $298,826.10.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff, Cardtronics, LP (hereinafter Cardtronics), mistakenly deposited funds in the amount of $298,826.10 in a bank account belonging to the defendant St. Nicholas Beverage Discount Center, Inc. (hereinafter St. Nicholas). The funds should have been deposited in a bank account belonging to United Check Cashing (hereinafter UCC). UCC expressly assigned to Cardtronics all rights, claims, and causes of action it may now or hereafter have against, inter alia, St. Nicholas and its president, the defendant Carmen Rodriguez, in connection with the mistakenly deposited funds. Cardtronics thereafter commenced this action and moved for summary judgment against the defendants on its first, second, third, and fourth causes of action. The defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted Cardtronics' motion, denied the defendants' cross motion, entered judgment in favor of Cardtronics for the full amount mistakenly paid into the defendants' account, and severed the plaintiff's remaining causes of action.

The defendants do not challenge the validity of the assignment from UCC to Cardtronics. Where, as here, the valid assignment of a claim is absolute on its face and the assignor is divested of all control and right to the cause of action, the assignee is the proper party in interest and has the right to commence and prosecute an action in its own name without joining the assignor as a necessary party (*see Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330 [1971]; *Cummings v Morris,* 25 NY 625, 627 [1862]; 6 Am Jur 2d, Assignments § 186; *cf. Acme Blacktop Paving Corp. v Brown & Matthews,* 30 AD2d 1042 [1968]). Thus, contrary to the defendants' contentions, Cardtronics, as the assignee of UCC's claim, is the proper party plaintiff in this action, and UCC is not a necessary party within the meaning of CPLR 1001 (a).

The defendants' remaining contentions either are without merit or have not been reviewed (*see Bray v Cox,* 38 NY2d 350 [1976]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.