■ In the Matter of SOLOW BUILDING COMPANY, LLC, Appellant, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent. [818 NYS2d 31]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered April 13, 2005, which denied petitioner landlord's motion to renew its motion to vacate an arbitration award in favor of respondent tenant relating to the amount of rent escalation under a commercial lease, unanimously affirmed, with costs.

As the motion court held, this Court's decision in *Wien & Malkin LLP v Helmsley-Spear, Inc.* (12 AD3d 65 [2004], *revd on other grounds* 6 NY3d 471 [2006]) did not effect a change in the law with regard to the applicability of the federal "manifest disregard of law" standard of arbitration review in state court. Any such change in the law occurred, at the latest, when the United States Supreme Court remanded this Court's prior decision in *Wien & Malkin* (300 AD2d 32 [2002], *lv denied* 99 NY2d 511 [2003], *vacated and remanded* 540 US 801 [2003]) for reconsideration in light of *Citizens Bank v Alafabco, Inc.* (539 US 52 [2003]), which clarified that the Federal Arbitration Act (FAA) applies to transactions "affecting commerce" (*id.* at 56). On remand, this Court merely applied well-established law as to the meaning of the term "manifest disregard of law" (*Wien & Malkin*, 12 AD3d at 70, quoting *Sawtelle v Waddell & Reed*, 304 AD2d 103, 108 [2003]; *see also Wien & Malkin*, 6 NY3d at 480-481). Since the remand of *Wien & Malkin* for proceedings consistent with *Citizens Bank* was made in 2003, while the earlier appeal in this case was pending (6 AD3d 356 [2004], *lv denied* 3 NY3d 605 [2004], *cert denied* 543 US 1148 [2005]), those cases were applicable on the earlier appeal (*see Matter of Americorp Sec. v Sager*, 239 AD2d 115, 116-117 [1997], *lv denied* 90 NY2d 808 [1997]), and renewal on the basis of a change in the law (CPLR 2221 [e]) was therefore unwarranted. In any event, assuming the subject lease for office space in Manhattan between New York parties "affects" interstate commerce, and that the manifest disregard of the law standard applies, we would reach the same result. There is no evidence that the arbitrators refused to apply or altogether ignored the injunction issued by this Court in 1985 binding the parties to a certain formula in the calculation of escalated rents (*Morgan Guar. Trust Co. of N.Y. v Solow*, 114 AD2d 818, 823 [1985], *affd* 68 NY2d 779 [1986]), or any other well-defined, explicit, clearly applicable law brought to their attention. That the arbitrators may have applied the formula erroneously does not mean that they

manifestly disregarded it (see Wien & Malkin, 6 NY3d at 480-481). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.