[894 NYS2d 321]

MIA ACUPUNCTURE, P.C., as Assignee of Noel Kellon, Respondent, v MERCURY INS. CO., Appellant.

Supreme Court, Appellate Term, Second Department, December 9, 2009

### APPEARANCES OF COUNSEL

*Picciano & Scahill, P.C.*, Westbury (*Jason Tenenbaum* of counsel), for appellant. *Ilona Finkelshteyn, P.C.*, Brooklyn, for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is affirmed without costs.

In this action by a provider to recover assigned first-party no-fault benefits, defendant served various discovery requests, seeking, among other things, to conduct an examination before trial of plaintiff. Subsequently, defendant served plaintiff's assignor with a notice of deposition and notified plaintiff's counsel of the deposition request. When the assignor failed to appear for the deposition, defendant moved to dismiss the complaint, arguing that, by virtue of the assignment, party status may be imputed to the assignor and, even if such status could not be so imputed, the assignor was under the plaintiff assignee's control (*see* CPLR 3126 [3]). The Civil Court denied the motion, and defendant appealed.

By its terms, the CPLR 3126 (3) dismissal sanction is applicable only to the disclosure violations of parties, not nonparties (*see* Siegel, NY Prac § 367 [4th ed]). By virtue of their assignment of no-fault benefits to their providers, eligible injured persons have divested themselves of their interest in those benefits, and they are not parties to actions commenced by their assignees (*see e.g. Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Cardtronics, LP v St. Nicholas Beverage Discount Ctr., Inc.*, 8 AD3d 419, 420 [2004]; 6A NY Jur 2d, Assignments §§ 59, 85). Similarly, a provider's party status cannot be imputed to the assignor by virtue of an assignment. Thus, since plaintiff's assignor is not an officer, member or employee of plaintiff or otherwise under plaintiff's control, the Civil Court properly denied the motion for sanctions as against plaintiff pursuant to CPLR 3126 (Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:20; *see Doelger, Inc. v L. Fatato, Inc.*, 7 AD2d 1003 [1959]; *National Bank of N. Hudson v*

*Kennedy*, 223 App Div 680 [1928]; *see also Schneider v Melmarkets Inc.*, 289 AD2d 470 [2001]; *Zappolo v Putnam Hosp. Ctr.*, 117 AD2d 597 [1986]; *Andrew Carothers, M.D., P.C. v GEICO Indem. Co.*, 20 Misc 3d 143[A], 2008 NY Slip Op 51756[U] [App Term, 2d & 11th Jud Dists 2008]; *A.M. Med. Servs., P.C. v Allstate Ins. Co.*, 14 Misc 3d 143[A], 2007 NY Slip Op 50384[U] [App Term, 2d & 11th Jud Dists 2007]).

RIOS, J.P., PESCE and GOLIA, JJ., concur.