OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed without costs, plaintiffs motion for summary judgment is granted, defendant’s cross motion to dismiss the complaint or, in the alternative, to compel disclosure is denied, and the matter is remitted to the District Court for the calculation of statutory interest and an assess *94 ment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
In this action by a medical equipment provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved to dismiss the complaint pursuant to CPLR 3126 for plaintiffs failure to comply with defendant’s discovery demands, including plaintiffs failure to appear for an examination before trial, or, in the alternative, to compel plaintiff to appear for an examination before trial pursuant to CPLR 3124. In addition, defendant argued that plaintiff had violated a condition precedent to coverage by failing to appear for an examination under oath (EUO) and that plaintiffs motion for summary judgment should be denied because plaintiff had failed to make a prima facie case. The District Court denied plaintiffs motion as premature, pursuant to CPLR 3212 (f), and granted defendant’s CPLR 3126 cross motion to dismiss unless, within 30 days of the order, plaintiff and its assignor submitted to examinations before trial. Plaintiff appeals and we reverse.
Contrary to defendant’s contention, plaintiff established its prima facie entitlement to summary judgment by proving submission of the claim forms, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]). We note that the affidavit submitted by plaintiff established that the aforementioned forms, which were annexed to the affidavit, constituted evidence in admissible form (see CPLR 4518; Art of Healing Medicine, P.C. v Travelers Home & Mar. Ins. Co., 55 AD3d 644 [2008]; Fortune Med., P.C. v Allstate Ins. Co., 14 Misc 3d 136[A], 2007 NY Slip Op 50243[U] [App Term, 9th & 10th Jud Dists 2007]; Dan Med., EC. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2006]).
The court denied plaintiff’s motion for summary judgment pursuant to CPLR 3212 (f) on the ground that defendant was entitled to discovery pertaining to its contention that plaintiff had billed insurance companies for medical supplies which were never provided. However, defendant failed to make any showing that its denial of claim forms were timely mailed and that it is not precluded from raising fraudulent billing as a defense (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]). Consequently, *95 the court’s determination that discovery was necessary to obtain facts relevant to this precluded defense was improper, and, thus, plaintiffs motion for summary judgment should not have been denied on that basis.
A defense that plaintiff may be ineligible to recover no-fault benefits because it failed to adhere to applicable statutes (cf. State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]) is not precluded, notwithstanding defendant’s failure to demonstrate that its denial of claim forms were timely sent. However, defendant has offered no factual basis for its contention that plaintiff was not properly incorporated as a provider of durable medical equipment or failed to obtain any license that may have been required at the time it delivered medical equipment to its assignor. Further, in light of the availability of public records documenting plaintiffs licensing status, defendant “failed to demonstrate that discovery was needed in order to show the existence of a triable issue of fact (see CPLR 3212 [f])” (Delta Diagnostic Radiology, |P.C. v Interboro Ins. Co., 25 Misc 3d 134[A], 2009 NY Slip Op 52222[U], *1-2 [App Term, 2d, 11th & 13th Jud Dists 2009]; see also Corwin v Heart Share Human Servs. of N.Y., 66 AD3d 814, 815 [2009] [summary judgment should be deferred pending discovery only when the opponent “offer(s) an evidentiary basis to suggest that discovery might lead to relevant evidence and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff’]).
We note that, insofar as the order conditioned the grant of defendant’s cross motion on the nonappearance of plaintiffs assignor for an examination before trial, the order was improper. As plaintiffs assignor is neither a party to this action nor under plaintiff’s control (Leon v Martinez, 84 NY2d 83, 88 [1994]; Cardtronics, LE v St. Nicholas Beverage Discount Ctr., Inc., 8 AD3d 419, 420 [2004]; 6A NY Jur 2d, Assignments §§ 59, 85), the sanctions provided by CPLR 3126 (3) for nondisclosure cannot be imposed on plaintiff for failing to produce its assignor for an examination before trial (Mia Acupuncture, F.C. v Mercury Ins. Co., 26 Misc 3d 39 [App Term, 2d, 11th & 13th Jud Dists 2009]).
Defendant also argues that it raised a triable issue of fact in opposition to plaintiffs motion for summary judgment, in that it demonstrated that plaintiff failed to appear for an EUO. As noted above, defendant failed to show that it timely denied plaintiff’s claims. Accordingly, defendant has not established *96 that this defense is not precluded (see Advanced Med., P.C. v Utica Mut. Ins. Co., 23 Misc 3d 141 [A], 2009 NY Slip Op 51023DJ] [App Term, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order is reversed, plaintiffs motion for summary judgment is granted, defendant’s cross motion is denied as moot, and the matter is remitted to the District Court for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Nicolai, EJ., Molía and Iannacci, JJ., concur.