■ COUNTRY-WIDE INS. CO., Respondent, v TC ACUPUNCTURE, P.C., as Assignee of Oneal Alexander, Appellant. [33 NYS3d 713]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 23, 2015, which granted petitioner's motion to vacate a master arbitrator's award in favor of respondent, unanimously reversed, on the law, without costs, the motion denied, and the award confirmed. The Clerk is directed to enter judgment accordingly.

Respondent commenced an arbitration against petitioner insurance company for reimbursement of bills for alleged health care services rendered by respondent to Alexander Oneal. Petitioner, relying on State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), asserted that it could withhold payment because respondent was fraudulently incorporated. After a hearing, an arbitrator awarded respondent full reimbursement, and found that petitioner failed to meet its burden of providing clear and convincing evidence showing that respondent was fraudulently incorporated. On appeal, the master arbitrator affirmed the arbitration award and rejected petitioner's argument that its burden of proof on its Mallela defense should have been preponderance of the evidence.

Supreme Court erred in vacating the master arbitrator's award on the ground that the master arbitrator mistakenly applied the wrong burden of proof to petitioner's Mallela defense. Even assuming, without deciding, that the master arbitrator

applied the wrong burden of proof, the award is not subject to vacatur on that ground (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Nor is there any other basis for vacating the award (*see id.*; *see also* CPLR 7511 [b] [1]). Concur—Friedman, J.P., Saxe, Richter and Kahn, JJ.