■ In the Matter of COUNTRY-WIDE INS. Co., Appellant, v VALDAN ACUPUNCTURE, P.C., as Assignee of Latonya Frazier, Respondent. [57 NYS3d 9]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about April 7, 2016, in respondent's favor, unanimously affirmed, with costs.

Petitioner failed to establish any of the grounds for vacating an arbitration award (CPLR 7511 [b], [c]; *see generally Azrielant v Azrielant*, 301 AD2d 269, 275 [1st Dept 2002], *lv denied* 99 NY2d 509 [2003]).

Pursuant to Insurance Department Regulations (11 NYCRR) § 65-3.16 (a) (12), "insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises to which patients have assigned their claims" (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 319 [2005]). Assuming without deciding that an insurer's defense of fraudu-

lent incorporation cannot be precluded (*see AVA Acupuncture, P.C. v AutoOne Ins. Co.*, 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; *Bath Med. Supply, Inc. v Allstate Indem. Co.*, 27 Misc 3d 92, 95 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]), we conclude that the master arbitrator properly confirmed the award of the arbitrator, who reviewed petitioner's submissions relating to the plea of guilty to no-fault insurance fraud by a man married to the owner of respondent, found that respondent was not mentioned once in the "hundreds of pages" submitted, and rejected petitioner's attempt to hold the owner "responsible by association." Petitioner's reliance on a subsequent arbitration (in 2014) is also misplaced; among other things, the later arbitration appears to have relied on documentation that was not submitted to the arbitrator in this case.

Contrary to petitioner's contention, there was no default in this case. In any event, any delay in opposing the petition to vacate the arbitration award was short and quickly corrected, and the explanation given for it—law office failure—was detailed and specific, and, in view of the strong public policy favoring resolution of litigation on the merits, constituted "good cause" for the delay (*see Lamar v City of New York*, 68 AD3d 449 [1st Dept 2009]).

Respondent is entitled to attorneys' fees for this appeal (11 NYCRR 65-4.10 [j] [4]), calculated, in accordance with 11 NYCRR 65-4.6 (b), as 20% of the no-fault benefits awarded. Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.