Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C. (2018 NY Slip Op 03929)





Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C.


2018 NY Slip Op 03929


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


651942/15 6726 6725

[*1]In re Country-Wide Insurance Company, Petitioner-Appellant,
v
Bay Needle Care Acupuncture, P.C., as assignee of Rosa Corona, Respondent-Respondent.


Thomas Torto, New York (Jason Levine of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for respondent.



Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered February 23, 2017, in favor of respondent, unanimously affirmed, without costs, and the matter is remanded for a determination of respondent's reasonable attorney's fees for this appeal. Appeal from judgment entered February 14, 2017, unanimously dismissed, without costs, as superseded by the appeal from the February 23, 2017 judgment.
Respondent commenced an arbitration against petitioner seeking reimbursement of bills for health care services it had rendered to an individual injured in a motor vehicle accident. Petitioner asserted a Mallela defense (see State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), i.e., that it could withhold payment for the services because respondent was fraudulently incorporated. After a hearing, an arbitrator found that petitioner failed to meet its burden of providing clear and convincing evidence of fraudulent incorporation, and awarded respondent full reimbursement. The award was affirmed by the master arbitrator.
Petitioner argues that it was held to an incorrect standard of proof and that the correct standard is a preponderance of the evidence. However, the award is not subject to vacatur under either standard (see Country-Wide Ins. Co. v TC Acupuncture, P.C., 140 AD3d 643 [1st Dept 2016]; Nationwide Affinity Ins. Co. of Am. v Acuhealth Acupuncture, P.C., 155 AD3d 885, 886-887 [2d Dept 2017]). Petitioner failed to present any evidence that respondent was fraudulently incorporated.
We reject petitioner's contention that the master arbitrator's determination affirming the award was irrational because the arbitrator's failure to set forth his reasons for rejecting petitioner's Mallela defense precluded meaningful review of the award (see Matter of Guetta [Raxon Fabrics Corp.], 123 AD2d 40 [1st Dept 1987]; Matter of Nationwide Mut. Ins. Co. v Steiner, 227 AD2d 563 [2d Dept 1996]; see also Purpura v Bear Stearns Cos., 238 AD2d 216 [1st Dept 1997], lv denied 90 NY2d 806 [1997]). In any event, the master arbitrator's determination, which considered the arbitrator's familiarity with similar cases and past decisions on the issues presented, was rational.
Respondent is entitled to reasonable attorney's fees for this appeal. Supreme Court has authority to award attorneys fees as this is an appeal from a master arbitration award pursuant to 11 NYCRR 65-4.10(j)(4), which, in pertinent part, provides: "The attorney's fee for services rendered in connection with ... a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (see also Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703 [2d Dept 2017], recalling and vacating Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 139 AD3d 947 [2d Dept 2016]). Accordingly, we remand the matter to Supreme Court for a determination of respondent's reasonable attorney's [*2]fees for this appeal. To the extent Country-Wide Ins. Co. v Valdan Acupuncture, P.C. (150 AD3d 560, 561 [1st Dept 2017]) takes a different approach to calculating attorneys' fees, we decline to follow it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK