Matter of Country-Wide Ins. Co. v TC Acupuncture, P.C. (2021 NY Slip Op 01120)





Matter of Country-Wide Ins. Co. v TC Acupuncture, P.C.


2021 NY Slip Op 01120


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 653844/15 Appeal No. 13175N Case No. 2019-200 

[*1]In the Matter of Country-Wide Insurance Company, Petitioner-Respondent,
v
TC Acupuncture, P.C. as Assignee of Darrius Williams, Respondent-Appellant.


Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Jaffe & Velazquez LLP, New York (Thomas Torto of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 8, 2018, which, in effect, granted reargument and adhered to the original determination, which granted the petition to vacate a master arbitrator's award in favor of respondent, unanimously reversed, on the law, without costs, the petition denied, the master arbitrator's award confirmed, and the matter remanded for a determination of respondent's attorneys' fees.
Although the motion court purported to deny respondent's motion for reargument, it effectively granted the motion by addressing the merits. Accordingly, the order is appealable (CPLR 5701[a][2][viii]; Castillo v Mount Sinai Hosp., 140 AD3d 619, 620 [1st Dept 2016], lv denied 28 NY3d 913 [2017]).
As respondent argued, the court overlooked existing authority confirming that CPLR 7511(b) limits courts' vacatur of arbitration awards to circumstances not present in this case (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999] ["(E)ven in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice"]).
The order that vacated the arbitration award cited no basis for vacatur under CPLR 7511(b), finding only that the arbitrator and master arbitrator applied the wrong burden of proof to plaintiff's fraudulent incorporation defense. Although on reargument the motion court determined that this Court's decision in Country-Wide Ins. Co. v TC Acupuncture, P.C. (140 AD3d 643 [1st Dept 2016]), decided June 28, 2016, could not apply to the petition decided on June 9, 2016, Country-Wide did not state a new proposition of law, but merely cited existing authority (id. at 643-644 ["Even assuming, without deciding, that the master arbitrator applied the wrong burden of proof, the award is not subject to vacatur on that ground"], citing New York State Correctional Officers, 94 NY2d at 326).
Respondent is entitled to its reasonable attorneys' fees on appeal (11 NYCRR 65-4.10[j][4]; Matter of Country-Wide Ins. Co. v TC Acupuncture P.C., 179 AD3d 414, 415 [1st Dept 2020]). We therefore remand the matter to Supreme Court for the calculation of those fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021