Quality Health Supply Corp. v Progressive Ins. Co. (2021 NY Slip Op
51028(U))

[*1]

Quality Health Supply Corp. v Progressive Ins. Co.

2021 NY Slip Op 51028(U) [73 Misc 3d 134(A)]

Decided on October 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-773 K C

Quality Health Supply Corp., as Assignee of
Robert, Joseph, Appellant, 
against
Progressive Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
McCormack, Mattei & Holler (Jamila Shukry of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Michael
Gerstein, J.), entered March 14, 2019. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of
$1,176.95.
In this action by a provider to recover the principal sum of $1,176.95 in assigned first-party
no-fault benefits for durable medical products it sold to its assignor in June 2015, a nonjury trial
was held. At the trial, a "Trial Stipulation" was admitted into evidence which stated that both
sides had "established their respective prima facie burdens" and "[t]he only remaining issues to
be resolved at trial are those defenses which are preserved in defendant's timely denials and any
non-waivable defenses." Plaintiff rested its case after the stipulation was admitted into evidence.

In support of defendant's affirmative defense that plaintiff was not properly licensed at the
time it sold the durable medical equipment to its assignor, defendant's witness, its senior
litigation representative, testified that she had made a Freedom of Information Law (FOIL)
request in order to find out whether plaintiff had a Department of Consumer Affairs license
during the time period of January 2010 to June 2016. The representative testified that she had
received a response that "No records were found for Quality Health Supply Corp. Inc." Certified
copies of the FOIL request and response were admitted into evidence at trial. 
Following the trial, the Civil Court found that plaintiff was not entitled to recover no-fault
benefits because it was not licensed at the time the products were sold to the assignor, and
dismissed the complaint. A judgment was subsequently entered on March 14, 2019.
Upon a review of the record, we find that the testimony of defendant's senior litigation
representative, as well as the certified FOIL documents entered into evidence at trial, were
insufficient to establish that plaintiff did not have a Department of Consumer Affairs license for
the time period of January 2010 to June 2016 (cf. Bath Med. Supply, Inc. v Allstate Indem. Co., 27 Misc 3d 92
[App Term, 2d Dept, 9th & 10th Jud Dists 2010]). The FOIL evidence solely established
that a company named "Quality Heath Supply Corp. Inc." was not licensed during this time
period and no evidence was provided that plaintiff "Quality Health Supply Corp." is the same
entity as "Quality Health Supply Corp. Inc." As there was no other evidence to establish that
plaintiff was not properly licensed at the time it sold the durable medical products to its assignor,
plaintiff should have been awarded a judgment in its favor.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of plaintiff in the principal sum of $1,176.95.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 22, 2021