■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL GONZALEZ, Appellant.

Evidence adduced at trial was that in the early morning hours of September 12, 1988, two eyewitnesses observed an argument between two men on 172nd Street near Townsend Avenue, in the Bronx. When one of the men threatened to kill the other, defendant offered to do the killing in exchange for drugs. Defendant thereafter shot the victim once in the chest, causing his death. All of the men were previously known to the eyewitnesses.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of manslaughter in the first degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). The issues of credibility raised by defendant concerning the acknowledged prior criminal history and drug involvement of the two eyewitnesses were properly placed before the jury, which had the advantage of observing the demeanor of the witnesses. That determination is amply supported by the evidence, and we find that it should not be disturbed.

Defendant did not make appropriate and timely objection to the admission into evidence of a certified copy of the victim's death certificate without redaction of the notation of "homicide" as the cause of death, and thus failed to preserve this issue for appellate review as a matter of law (CPL 470.05). In any event, this document was properly admitted as part of the Medical Examiner's certified records and, as defendant concedes, the unredacted death certificate constituted, at most, cumulative evidence of medical testimony regarding the cause of death. Thus, any error in admitting the document without redaction is rendered harmless in light of the overwhelming evidence of defendant's guilt (People v Crimmins, 36 NY2d 230).

We have considered defendant's remaining claims and find

them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Kassal and Smith, JJ.