■ CONTINENTAL INSURANCE COMPANY, Respondent, v TOLLMAN-HUNDLEY HOTELS CORPORATION, Appellant. [636 NYS2d 319] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 21, 1995, which awarded plaintiff the sum of $2,333,479.07 for unpaid premiums on various insurance policies, unanimously affirmed, with costs.

As there was no genuine dispute that plaintiff performed its obligations under the insurance contracts with respect to the relevant audit premiums, any error in the trial court's failure to charge the jury on the issue of performance was harmless. Indeed, the record demonstrates that defendant, at trial, essentially challenged only $185,000 of the $1,370,000 bill for audit premiums submitted to it by plaintiff. The trial court also properly instructed the jury that plaintiff had the burden to prove its entitlement to the audit premiums claimed to be due.

While certain claims handling instructions were to govern

operations within plaintiff's company, they were neither made part of the parties' agreements, nor adopted as a separate contract between the parties. Accordingly, the trial court properly prohibited argument contrary to this evidence. We note the trial court did permit the instructions to be admitted into evidence so that defendant could argue that plaintiff's alleged departures from the instructions evinced a failure to act reasonably.

The trial court properly followed the New York standard that in order for defendant to recover on its counterclaim for plaintiff's alleged breach of the duty of good faith and fair dealing in the handling of insurance claims, defendant had to prove not only that plaintiff materially "mishandled" the claims, but that defendant also incurred damages as a result thereof (see, *Canstar v Jones Constr. Co.*, 212 AD2d 452).

Since the record demonstrates that the hotel in which the *Blankenship* claim arose was covered by the insurance policy in issue, plaintiff was liable for $250,000 in retrospective premiums as to such claim.

We find the record, as a whole, shows that the trial court acted even-handedly under the circumstances presented (*cf.*, *Schaffer v Kurpis*, 177 AD2d 379).

We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.