■ DAVID BENAVIDES, Appellant, v CITY OF NEW YORK et al., Respondents. [982 NYS2d 85]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 13, 2012, which, in this action for personal injuries sustained when plaintiff was allegedly pushed off a fence by a police officer, denied plaintiff's motion for a new trial, unanimously affirmed, without costs.

Plaintiff brought this action against the City of New York claiming that, on January 21, 1997, during a chase incident to his own arrest, the police officer in pursuit of him used excessive force. The primary factual dispute at trial was whether, as plaintiff claims, he was pushed over a fence by the officer, or, as defendants claim, he jumped. The jury rendered a verdict in favor of defendants dismissing the complaint, and the trial court denied a motion to set aside that verdict.

On the evening of the incident, plaintiff, an admitted drug dealer, was with a group of people at a location acknowledged by him as a place where drug sales regularly occur. At that time, a sergeant with the Bronx Narcotics Division was supervising a team of officers conducting an undercover buy and bust operation. Plaintiff claims that after hearing a barking street dog he left to investigate when he observed a man with a gun. The "man" turned out to be the sergeant, dressed in plain clothes, who, after receiving confirmation that another undercover officer had completed a buy, was proceeding to make arrests. Upon seeing the "man," plaintiff immediately fled, and the sergeant, upon seeing plaintiff flee, gave chase. Plaintiff eventually ran into an alley which ended with a fence. He scaled the fence, trying to get over it, but claims he got caught on barbed wire. There is no dispute that plaintiff fell over the fence to the other side, landing on both feet. While the fence on the near side of the alley was only about six feet high, the drop on the far side

was longer, approximately 7½ to 13 feet. Plaintiff is seeking damages for the significant orthopedic injuries sustained to his ankles and feet as a consequence of the fall.

The sole issue on appeal is whether the trial court improperly admitted certain portions of plaintiff's medical records into evidence which referred to injuries as having been caused by his "jump" from the fence. We conclude that the trial court should have excluded certain hearsay entries that were contained in the medical records, but because there was no reasonable probability that the entries could have affected the jury's determination, the error was harmless, and the trial court's denial of the motion to set aside the verdict was correct (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95 [2013]; *People v Ballerstein*, 52 AD3d 1192 [4th Dept 2008]; *Matter of Lindsay N.*, 300 AD2d 216 [1st Dept 2002], *lv denied* 99 NY2d 511 [2003]).

At trial, plaintiff made a motion in limine in which he only objected to four specific entries in his medical records. Other hearsay medical record entries were not specifically objected to before the jury rendered its verdict. The admissibility of entries to which no timely specific objections were made is not preserved for this appeal (*Balsz v A & T Bus Co.*, 252 AD2d 458 [1st Dept 1998]; *People v Lewis*, 222 AD2d 311 [1st Dept 1995]).

Hearsay entries regarding the cause of an injury contained in a medical record come into evidence under the business records exception if they are germane to the treatment or diagnosis of plaintiff's injuries (*see People v Ortega*, 15 NY3d 610, 617 [2010]; *Grant v New York City Tr. Auth.*, 105 AD3d 445, 446 [1st Dept 2013]). Alternatively, the entry may be admissible as an admission, but only if there is evidence that connects the party to the entry (*id.*). The challenged entries were neither germane to treatment or diagnosis, nor were they admissions.

There was simply no evidence supporting defendants' position that the medical doctors needed to know whether plaintiff jumped or was pushed from the fence in order for doctors to determine what medical testing he needed upon admission to the hospital. No medical expert provided such testimony (*see People v Spicola*, 16 NY3d 441, 451 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011] ["(t)o the extent that the boy's responses to the nurse's inquiries . . . were germane to diagnosis and treatment—and she testified that they were—these responses were properly admitted as an exception to the hearsay rule"]; *Phillipps v New York City Tr. Auth.*, 83 AD3d 473, 474 [1st Dept 2011] ["In light of the unrefuted testimony of plaintiff's medical expert that a medical record entry . . . was relevant to diagnosis and treatment, it was a proper exercise of discretion for

the court to allow the entry into evidence"]). Defendants' only expert, a biomechanical engineer and accident reconstruction expert, opined that plaintiff's injuries were consistent with a jump from a height and not a push to a fall. He did not give any opinion on issues relating to treatment or diagnosis. This is not a case where the conclusion is so obvious that no medical testimony is needed to lay the appropriate evidentiary foundation (see *Ortega*, 15 NY3d 610).

The particular challenged entries cannot be characterized as admissions. Although the Lincoln Medical and Mental Health Center Admission Assessment form has a box checked that "patient" is the source of the information, the particular entry on that record, "he jumped off the fence," is not clearly a direct statement attributable to or a quote of plaintiff. The Ambulance Call Report form identifies "PO" or the police officer as the source of the information that plaintiff "jumped off a fence." No other evidence in the record identifies plaintiff as being the source of this information. Nor is there any evidence connecting plaintiff to the January 21, 1997 entry in the Progress Record that "s/p fell from a fence after being chased by police officers" or the January 23, 1997 entry "fall from 2 storeys [sic]" to make them admissible as admissions by him. These entries should have been redacted from the medical records received in evidence.

Notwithstanding that the entries in the medical records were improperly received in evidence, the error is harmless. The last two entries only refer to plaintiff falling from a significant height. There was no genuine dispute about these issues at trial (see *Continental Ins. Co. v Tollman-Hundley Hotels Corp.*, 223 AD2d 374 [1st Dept 1996], *lv denied* 88 NY2d 801 [1996]). While the first two entries refer to the central disputed factual issue of how the accident occurred, the information they contain is cumulative of other entries in plaintiff's medical records which were not the subject of specific objections by him (*People v Gonzalez*, 179 AD2d 433 [1st Dept 1992]). Other entries properly before the jury include the May 17, 2002 Physician Clinic Notes providing: "State h/o (R) ankle broken, & both heels shattered after jump 1997 treated at Lincoln Hospital." Since the improperly admitted entries were redundant of properly admitted entries, and there was otherwise ample evidence supporting the jury's verdict, that plaintiff had not been subject to excessive force by the police department, the error in admitting the hearsay evidence was harmless (*Matter of Lindsay N.*, 300 AD2d at 217). There is no reasonable probability that had the medical records been properly redacted the jury verdict would have been

any different. Concur—Friedman, J.P., Acosta, Renwick, Manzanet-Daniels and Gische, JJ.