■ PEDRO CASTILLO, as Administrator of the Estate of JESSENIA CASTILLO, Deceased, Appellant, v MOUNT SINAI HOSPITAL et al., Respondents, et al., Defendants. [33 NYS3d 269]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered on or about February 19, 2015, dismissing the complaint as against defendants Mount Sinai Hospital and Arik Olson, M.D., (defendants) unanimously affirmed, without costs. Order same court and Justice, entered on or about June 16, 2015, which, upon reargument, adhered to the original order, same court and Justice, entered on or about February 18, 2015, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants made a prima facie showing that they did not deviate from the standard of care in treating plaintiff's decedent. In support of his contention that defendants' failure to treat the decedent with the drug Eculizumab was a proximate cause of her death, plaintiff submitted an expert affirmation that fell short of establishing that Eculizumab was the standard of care for treatment of atypical hemolytic uremic syndrome (aHUS) (*see Alvarado v Miles*, 32 AD3d 255 [1st Dept 2006], *affd* 9 NY3d 902 [2007]). The expert's strongest statement was that Eculizumab was "a promising new therapy for the treatment of [aHUS] [that] should have been known to her physicians and used by them."

The medical literature submitted by plaintiff shows that some researchers in the medical community believed in 2009 that the drug Eculizumab was a promising new therapy for the treatment of aHUS, but it also shows that the drug was not FDA-approved for use in aHUS, that there had been no controlled studies, and that there were no established protocols, for example, dosage or length of treatment, for its use. The literature shows, moreover, that the treatment protocol for aHUS in 2009 (plasma therapy) was the same as that for

thrombotic thrombocytopenic purpura (TTP), another syndrome included in the decedent's differential diagnosis. Plasma therapy was the very treatment that the decedent received.

While Supreme Court purportedly denied plaintiff's motion for reargument, since it addressed the merits of the motion and adhered to the original determination, the order is appealable (see *Lipsky v Manhattan Plaza, Inc.*, 103 AD3d 418 [1st Dept 2013]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.