Hewitt v NY 70th St. LLC (2020 NY Slip Op 03280)





Hewitt v NY 70th St. LLC


2020 NY Slip Op 03280


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11636 20953/17E

[*1] Derek Hewitt, Plaintiff-Appellant-Respondent,
v
NY 70th Street LLC, Defendant, Sweeney & Conroy Inc., Defendant-Respondent-Appellant, Structure Tech New York, Inc., Defendant-Respondent.
Structure Tech New York, Inc., Third-Party Plaintiff-Respondent,
v
Spring Scaffolding LLC, Third-Party Defendant-Respondent-Appellant.


Greenberg Law P.C., New York (Robert J. Menna of counsel), for appellant-respondent.
Bartlett LLP, White Plains (David C. Zegarelli of counsel), for Sweeney & Conroy Inc., respondent-appellant.
Pillinger Miller Tarallo, LLP, Elmsford (Michael Neri of counsel), for Spring Scaffolding LLC, respondent-appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered August 14, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law §§ 200, 240(1), and 241(6) claims, granted those branches of defendant Sweeney & Conroy Inc.'s (Sweeney) cross motion which sought summary judgment dismissing plaintiff's Labor Law § 241(6) claim insofar as predicated on certain Industrial Code (12 NYCRR) regulations, and his Labor Law § 200 claim as against it, but denied those branches which were for summary judgment dismissing plaintiff's Labor Law § 241(6) claim insofar as predicated on certain other Industrial Code (12 NYCRR) regulations, and for unconditional summary judgment on its cross claim for contractual indemnification against defendant/third-party plaintiff Structure Tech New York, Inc. (Structure Tech), and denied third-party defendant Spring Scaffolding LLC's (Spring) cross motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant those branches of plaintiff's motion which were for summary judgment on the issue of liability on his Labor Law § 240(1) claim against Sweeney, and on his Labor Law § 200 and common-law negligence claims against Structure Tech, and to deny that branch of Sweeney's cross motion which was for summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 claims as against it, and otherwise affirmed, without costs.
Sweeney, the general contractor, subcontracted with Structure Tech to perform exterior [*2]general construction work. Structure Tech, in turn, subcontracted with Spring, plaintiff's employer, to erect and dismantle scaffolding. Plaintiff's accident occurred when, while he was at ground level holding an I-beam that was being hoisted, a Structure Tech employee dislodged a metal baluster from the third-floor balcony railing, which fell and struck plaintiff in the head and face.
Plaintiff should have been awarded summary judgment on the issue of liability on his Labor Law § 240(1) claim as against Sweeney because there was no overhead protection provided to plaintiff (Hill v Acies Group, LLC et al., 122 AD3d 428 [1st Dept 2014]). Thus even if, as Structure Tech's superintendent testified, plaintiff was in an area of the worksite where he was not supposed to be at the time of his accident, this would at most constitute comparative negligence which is not a defense to a Labor Law § 240(1) claim (id.; see also Gordon v Eastern Ry. Supply, 82 NY2d 555, 563 [1993]; Vasquez v Cohen Bros. Realty Corp., 105 AD3d 595, 598 [1st Dept 2013]; Luna v Zoological Socy. of Buffalo, Inc., 101 AD3d 1745, 1746 [4th Dept 2012]). Accordingly, the issue of Sweeney's liability under Labor Law § 241(6) is academic (see e.g. Saquicaray v Consolidated Edison Co. of N.Y., Inc., 171 AD3d 416, 417 [1st Dept 2019]; Berisha v 209-219 Sullivan St. L.L.C., 156 AD3d 457, 458 [1st Dept 2017]).
Plaintiff also should have been awarded summary judgment on his Labor Law § 200 and common-law negligence claims as against Structure Tech. As a subcontractor and, therefore, the statutory agent of the general contractor, Structure Tech may be held liable pursuant to Labor Law § 200 and under common-law negligence for injuries caused by a dangerous condition that it caused or created or of which it had actual or constructive notice (DeMaria v RBNB 20 Owner, LLC, 129 AD3d 623, 625 [1st Dept 2015]; see Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783 [2d Dept 2017]). Since no party disputes that a Structure Tech employee was responsible for dislodging the baluster and allowing it to fall and strike plaintiff, Structure Tech is liable to plaintiff under Labor Law § 200 and common-law negligence.
However, an issue of fact exists as to Sweeney's liability to plaintiff under these claims based on the testimony of Structure Tech's superintendent that it was, in fact, Sweeney's superintendent who instructed Structure Tech to cut the baluster that ultimately struck plaintiff. If credited, this testimony could support a finding that Sweeney actually exercised supervisory control over the worksite so as to trigger liability under these claims (see generally Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]).
In view of the foregoing, the court properly awarded Sweeney only conditional summary judgment on its contractual indemnification claim against Structure Tech, i.e., subject to a determination as to their respective degrees of negligence (see e.g. Gonzalez v G. Fazio Constr. Co., Inc., 176 AD3d 610, 611 [1st Dept 2019]).
Finally, the court properly denied Spring's motion for summary judgment dismissing Structure Tech's third-party complaint against it. The testimony of Structure Tech's superintendent that plaintiff was in an area of the worksite where he was not supposed to be at the time of his accident, if credited, could support a finding that plaintiff's accident and injuries arose from the performance of Spring's work and were caused by its negligent acts or omissions, [*3]thus triggering Spring's duty to indemnify Structure Tech under the terms of their agreement (see e.g. Ramirez v Almah, LLC, 169 AD3d 508 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK