Goundan v Pav-Lak Contr. Inc. (2020 NY Slip Op 06950)





Goundan v Pav-Lak Contr. Inc.


2020 NY Slip Op 06950


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Friedman, J.P., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 155989/14 Appeal No. 12473N Case No. 2020-02566 

[*1]Ashton Goundan, et al. Plaintiffs-Appellants,
v
Pav-Lak Contracting Inc. et al., Defendants-Respondents. [And a Third-Party Action.] Norguard Insurance Company, Proposed Intervenor.


Nguyen Leftt, P.C., New York (Stephen D. Chakwin, Jr. of counsel), for appellants.
Cartafalsa, Turpin & Lenoff, New York (David S. Pasternak of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 9, 2019, which, upon reargument, adhered to its prior order, same court and Justice, entered March 28, 2019, which, inter alia, denied plaintiffs' cross motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the cross motion granted.
Although the court purportedly denied the motion for reargument, it effectively granted reargument by addressing the merits of plaintiffs' cross motion and adhered to its original denial [*2]of the cross motion. Accordingly, the order is appealable (see Castillo v Mount Sinai Hosp., 140 AD3d 619 [1st Dept 2016], lv denied 28 NY3d 913 [2017]).
The undisputed evidence in the record shows that plaintiff was attempting to install an exit sign in a building under construction while standing about 12 feet above the floor on a scaffold platform, without using any safety harness or safety lines, when he touched a live wire to a component of the sign, causing him to receive an electrical shock and then fall off the scaffold and onto the floor. Plaintiff made a prima facie showing that his accident was proximately caused by the inadequacy of the safety devices he was using or the absence of other safety devices necessary to protect him from the risks posed by working at a significant elevation above the floor (see Vukovich v 1345 Fee, LLC, 61 AD3d 533 [1st Dept 2009]).
Defendants did not raise issues of fact by pointing to evidence that plaintiff checked the scaffold before using it and did not find it to be defective, and that the scaffold had safety railings on all four sides, or by asserting that no other devices such as a safety harness or safety line would have prevented his fall (see Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]).
Defendants failed to raise an issue of fact as to whether "plaintiff knew that he was supposed to use a harness" or safety line, "or that he disregarded specific instructions to do so" (Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143 [1st Dept 2020]; see e.g. Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548, 549 [1st Dept 2012]). The vague testimony by plaintiff's foreman that weekly toolbox meetings addressed a different safety topic each week, and the foreman's mention of "wearing harnesses" among several other examples of such topics, failed to clarify whether a meeting on harnesses was conducted before the accident, what was said about harnesses at any meeting, and whether plaintiff attended such a meeting (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 11 [1st Dept 2011]).
Plaintiff's failure to turn off the power supply before working with a live wire was at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Hewitt v NY 70th St. LLC, 184 AD3d 451 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020