Rodriguez v State of New York (2021 NY Slip Op 05106)





Rodriguez v State of New York


2021 NY Slip Op 05106


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Claim No. 130113 Appeal No. 14232 Case No. 2019-3670 

[*1]Mark Rodriguez, Claimant-Appellant,
v
State of New York, Defendant-Respondent.


Mark Rodriguez, appellant pro se.
Letitia James, Attorney General, New York (Mark S. Grube of counsel), for respondent.



Order of the Court of Claims of the State of New York (Jeanette Rodriguez-Morick, J.), entered March 14, 2019, which, in effect, granted claimant's motion to reargue defendant's motion to dismiss and, upon reargument, adhered to the prior determination, unanimously affirmed, without costs.
Although the motion court purported to deny claimant's motion for reargument, it effectively granted the motion by addressing the merits. Accordingly, the order is appealable (CPLR 5701[a][2][viii]; Castillo v Mount Sinai Hosp., 140 AD3d 619, 620 [1st Dept 2016], lv denied 28 NY3d 913 [2017]).
The Court of Claims correctly dismissed the claim based on its untimeliness (Watson v State of New York, 147 AD3d 708, 708 [1st Dept 2017], appeal dismissed, lv denied 29 NY3d 1114 [2017]; Court of Claims Act § 10[3-b]). Contrary to claimant's contention, his cause of action for fraud accrued no later than October 6, 2016, when he "possessed knowledge of facts from which the fraud could reasonably have been inferred" (Town of Poughkeepsie v Espie, 41 AD3d 701, 705 [2d Dept 2007] [internal quotation marks omitted], lv dismissed 9 NY3d 1003 [2007], lv denied 15 NY3d 715 [2010]; see CPLR 213[8]). Claimant served the claim on August 7, 2017 and filed it with the court on August 14, 2017, well beyond the 90-day period provided by statute (Court of Claims Act § 10[3-b]). It is also undisputed that claimant did not serve a notice of intention to file a claim on the Attorney General within the 90-day period and that he did not move for leave to file a late claim (Court of Claims Act § 10[3-b], [6]). "Notwithstanding claimant's pro se status, strict construction of and compliance with [the] statutory preconditions to suit under the Court of Claims Act is required" (Watson, 147 AD3d at 708; see Court of Claims Act § 8; Kolnacki v State of New York, 8 NY3d 277, 281 [2007]).
To the extent that claimant's motion to reargue may be construed as a motion for leave to file a late claim, the Court of Claims providently declined to grant leave, as the fraud cause of action is not meritorious (see Court of Claims Act § 10[6]; Sands v State of New York, 49 AD3d 444, 444 [1st Dept 2008]). The claim failed to plead elements of fraud in detail, since claimant failed to allege, among other things, specific misrepresentations made to him or his reliance on any such misrepresentations (see Pope v Saget, 29 AD3d 437, 441 [1st Dept 2006]).
We have considered claimant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021