Nassa v 1512 LLC (2021 NY Slip Op 05927)





Nassa v 1512 LLC


2021 NY Slip Op 05927


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 154922/16 Appeal No. 14520 Case No. 2021-00658 

[*1]Tinwinde Abdoul Nassa, Plaintiff-Respondent,
v
1512 LLC et al., Defendants-Appellants.


Fern Flomenhaft PLLC, New York (Fern Flomenhaft of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered December 23, 2020, which denied defendants' motion pursuant to CPLR 4404(a) to set aside the jury's verdict as to liability and enter judgment as a matter of law or, alternatively, to direct a new trial on liability in the interest of justice, unanimously affirmed, without costs.
The jury's finding that defendants were solely at fault for plaintiff's accident is supported by legally sufficient evidence (see generally Killon v Parrotta, 28 NY3d 101, 108 [2016]). It was not irrational for the jury to conclude, based on the "specific facts and circumstances" adduced at trial, that the door saddle on which plaintiff testified that he tripped was a dangerous or defective condition, and not a trivial defect (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 77-78 [2015]).
The interest of justice does not require a new trial (CPLR 4404[a]; see generally Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [1976]). The court properly refused to admit into evidence three statements allegedly made by plaintiff and recorded in his hospital records about the manner in which his accident happened. These statements were not admissible as admissions against interest, since the evidence adduced outside the jury's presence failed to establish that plaintiff was the source of the information contained in one of the statements, and defendants failed to produce the interpreters through whom the other two statements were made to confirm that they were objective and competent to interpret and that their interpretations were accurate (see Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014]; Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96 [1st Dept 1999]). Nor were the statements admissible under the business records exception to the hearsay rule, since they were not germane to the treatment or diagnosis of plaintiff's injuries (see Benavides, 115 AD3d at 519; Quispe, 266 AD2d at 96).
While some of plaintiff's counsel's comments in summation were inflammatory, we find that the trial court, having sustained many of defendants' objections and offered curative commentary during the summation and curative instructions afterward, providently exercised its discretion in denying defendants' motion to set aside the verdict on that basis (see Register v SAS Morrison LLC, 189 AD3d 591, 592 [1st Dept 2020]).
We do not find that the court's charge was confusing; as a whole, it adequately explained the relevant principles of law (cf. Reis v Volvo Cars of N. Am., 24 NY3d 35,
43 [2014]). Moreover, defendants consented to the court's clarifications of the parties' positions with respect to the nature of the defect.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021