Greca v Choice Assoc. LLC (2021 NY Slip Op 06759)





Greca v Choice Assoc. LLC


2021 NY Slip Op 06759


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Webber, J.P., Friedman, Oing, Shulman, Pitt, JJ. 


Index No. 22075/17E Appeal No. 14739 Case No. 2021-01706 

[*1]Bledar Greca et al., Plaintiffs-Appellants,
v
Choice Associates LLC, Defendant-Respondent, Cekaj Construction Corp. et al., Defendants. [And Third-Party Actions]


The Dauti Law Firm, PC, New York (Y. Albert Dauti of counsel), for appellants.
Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 5, 2021, which denied plaintiffs' motion for summary judgment as to liability on the Labor Law §§ 240(1) and 241(6) causes of action as against defendant Choice Associates LLC, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiffs established prima facie that defendant Choice is liable to them under Labor Law § 240(1) and Labor Law § 241(6) predicated on Industrial Code (12 NYCRR) § 23-1.7(b)(1)(i) through plaintiff Bledar Greca's (plaintiff) testimony that he was injured while working on the fifth floor of defendant Choice's property when a piece of wood that had been placed as a temporary path shifted, causing him to fall through an open area between beams. Plaintiff testified that he prevented himself from falling all the way down to the fourth floor by grabbing a metal stud attached underneath a beam. Contrary to Choice's contention, plaintiffs were not required to submit an affidavit by plaintiff to make the prima facie showing (see Great Ajax Operating Partnership L.P. v PCG REO Holdings, LLC, 192 AD3d 420 [1st Dept 2021]). Choice's remaining arguments about the propriety of plaintiffs' evidence are improperly raised for the first time on appeal, and we decline to consider them, since plaintiffs no longer have the opportunity to cure them (DiLeo v Blumberg, 250 AD2d 364, 366 [1st Dept 1998]).
Choice failed to raise an issue of fact in opposition to plaintiffs' prima facie showing, since its evidence consisted solely of inadmissible hearsay (see Guzman v L.M.P. Realty Corp., 262 AD2d 99, 100 [1st Dept 1999]). Although plaintiff's medical records were certified, Choice did not establish that the statements contained in them on which it relied either were germane to plaintiff's diagnosis and treatment or are directly attributable to plaintiff (see Benavides v City of New York, 115 AD3d 518, 519-520 [1st Dept 2014]; Grant v New York City Tr. Auth., 105 AD3d 445, 446 [1st Dept 2013]). The handwritten statement ostensibly by defendant Cekaj Construction Corp.'s principal and the affidavit by the owner of second third-party defendant Donato Plumbing Group, Inc. as to what Cekaj's principal told him about plaintiff's accident are both inadmissible hearsay, and do not qualify as admissions by an opposing party (see generally Jerome Prince, Richardson on Evidence §§ 8-201; 8-203 [Farrell 11th ed 1995]).
We reject Choice's argument that plaintiffs' motion was premature (CPLR 3212[f]). Choice failed to establish that facts essential to justify opposition to the motion were within plaintiffs' exclusive knowledge (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]). Moreover, its argument that the motion was premature is undermined by its own failure to use the time and the opportunity it had to obtain whatever nonparty testimony it needed (see Espinoza v Fowler-Daley Owners, Inc., 171 AD3d 480 [1st Dept 2019[*2]]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021