Cafisi v L&L Holding Co., LLC (2023 NY Slip Op 04714)

Cafisi v L&L Holding Co., LLC

2023 NY Slip Op 04714

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 157075/18, 595221/21, 595436/21 Appeal No. 607 Case No. 2022-04834 

[*1]Salvatore Cafisi, Plaintiff-Respondent,
v
L&L Holding Company, LLC, et al., Defendants.
J.T. Magen & Company Inc., Third-Party Plaintiff,
v
National Acoustics, LLC, Third-Party Defendant-Appellant. [And a Second Third-Party Action.]

London Fischer LLP, New York (Arthur Tergesen of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 9, 2022, which, to the extent appealed from as limited by the briefs, granted so much of plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendant COMREF 380, LLC, defendant/third-party plaintiff J.T. Magen & Company Inc., and Shiseido Americas Corporation, incorrectly sued herein as defendant Shiseido America Inc., unanimously affirmed, without costs.
In this action stemming from a construction site accident, plaintiff testified that he was injured when, as he was descending a Baker scaffold, the scaffold started to shake, move, or tip over for no apparent reason. Plaintiff testified at his deposition that he then let go of, and fell from, the scaffold, landing on a pile of metal straps that were "like a sheet of ice underneath [his] feet," causing him to fall backwards to the floor. This testimony established plaintiff's prima facie entitlement to partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim (see e.g. Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1176 [1st Dept 2018]; Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408, 409 [1st Dept 2019]; see also e.g. Pirozzo v Laight St. Fee Owner LLC, 209 AD3d 596, 596 [1st Dept 2022]; cf. Hovorka v Applied Prods. Co., Inc., 199 AD3d 520, 521 [1st Dept 2021] [Labor Law § 240 (1) "applies to situations where a slippery surface combined with an elevation hazard proximately causes a plaintiff's injury"]). Contrary to third-party defendant National Acoustics, LLC's (National) urging, plaintiff testified consistently at his deposition as to the way his accident occurred.
Contrary to National's argument, "[p]laintiff was not required to show that the scaffold was defective" (Sanchez v Bet Eli Co. Del. LLC, 177 AD3d 478, 479 [1st Dept 2019]). Accordingly, issues of fact are not raised either by "evidence that plaintiff checked the scaffold before using it and did not find it to be defective" (Goundan v Pav-Lak Contr. Inc., 188 AD3d 596, 596-597 [1st Dept 2020]; see e.g. Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]) or by National's inspection of all of the scaffolds on site the day after plaintiff's accident (see Sanango v 200 E. 16th St. Hous. Corp., 290 AD2d 228, 228 [1st Dept 2002]; compare e.g. Perez v Folio House, Inc., 123 AD3d 519, 519 [1st Dept 2014]; Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]).
Equally unavailing is National's argument that plaintiff did not identify the "safety device of the kind enumerated in section 240 (1) that could have prevented his fall" (Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]). To the contrary, "plaintiff established that he was provided with a safety device, i.e., a [scaffold], but that the [scaffold] proved to be inadequate" (Pinzon, 211 AD3d at 444).
The documentary evidence on which National did [*2]not establish that the accident report "was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter" (CPLR 4518 [a]). Moreover, the accident report still contains multiple layers of hearsay (see generally Matter of Leon RR, 48 NY2d 117, 122 [1979]). The entries made in plaintiff's medical records, dated one day and one week after the accident, were neither "germane to the treatment or diagnosis of plaintiff's injuries" nor "admissible as an admission" against interest (Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014]; see Greca v Choice Assoc. LLC, 200 AD3d 415, 416 [1st Dept 2021]; Nassa v 1512 LLC, 198 AD3d 600, 600 [1st Dept 2021]; Grant v New York City Tr. Auth., 105 AD3d 445, 446 [1st Dept 2013]; Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96 [1st Dept 1999]).
Thus, "in the absence of evidence controverting his account of the accident or calling into question his credibility[,]" plaintiff was properly awarded partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, even though he was the sole witness to his accident (Rivera v Suydam 379 LLC, 216 AD3d 495, 496 [1st Dept 2023]; see e.g. Pinzon, 211 AD3d at 443; Valdez v City of New York, 189 AD3d 425 [1st Dept 2020]; Rroku, 164 AD3d at 1177).
Finally, plaintiff's motion was not premature as defendants failed to show what discovery was needed and what any additional discovery could be expected to reveal (see CPLR 3212 [f]; Cruz v City of New York, 135 AD3d 644 [1st Dept 2016]; Miller v Icon Group LLC, 77 AD3d 586, 588 [1st Dept 2010]; Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023