Villanueva v J.T. Magen & Co. Inc.
2026 NY Slip Op 03652
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Carlos Villanueva, Plaintiff-Appellant,
v
J.T. Magen & Company Inc. et al., Defendants-Respondents.

Decided and Entered: June 09, 2026
Index No. 155823/20|Appeal No. 6838|Case No. 2025-03181|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (David B. Cohen, J.), entered April 25, 2025, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) cause of action. Plaintiff's proof showed that an approximately 350-pound duct struck him, knocking him to the ground. According to plaintiff, the duct that fell on him was stacked on top of another duct being transported on two wooden dollies by him and his coworkers. The ducts were not strapped to each other or the dollies, and the pair of stacked ducts stood over eight feet tall.
In opposition, defendants raised a triable issue of fact as to how the accident occurred and whether it involved an elevation-related hazard. Defendants submitted medical records and workers' compensation forms to show that plaintiff was injured while either lifting or carrying the ducts. The medical records prepared by Elizabeth Morrison, M.D., on November 18, 2019, October 19, 2020, and February 5, 2021, indicate that plaintiff "was lifting along with two-coworkers" a 300-pound duct when it "started to rotate off their grip," and that plaintiff was injured when "[h]e attempted to reposition himself to re-establish control" of the duct. If true, then the accident would not have involved inadequate protection against an elevation-related risk as contemplated by Labor Law § 240(1) (see Alvarado v SC 142 W. 24 LLC, 209 AD3d 422, 423 [1st Dept 2022]; Jackson v Hunter Roberts Constr. Group, LLC, 161 AD3d 666, 667 [1st Dept 2018]).
Although plaintiff disputes the admissibility of these documents, which were affirmed under the penalties of perjury, Dr. Morrison's entries are admissible under the business record exception because they are germane to plaintiff's diagnosis. The entries directly link the onset of plaintiff's lower back pain to his version of the accident (see Benavides v City of New York, 115 AD3d 518, 519 [1st Dept 2014]). Moreover, they qualify as admissions directly attributable to plaintiff (see id.). To the extent plaintiff contends that the contents recorded in Dr. Morrison's records cannot create an issue of fact because of a language barrier, plaintiff's "concerns go to the weight to be afforded to
the challenged statement and to its credibility, not its admissibility" (Pillco v 160 Dikeman St., LLC, 245 AD3d 49, 66 [2d Dept 2025]).
We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026