■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GENEROSO, Appellant. [631 NYS2d 722] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered June 3, 1993, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose from a complex international scheme by which he obtained (1) $175,000 from Pasquale Miele in exchange for ten antique paintings which he did not possess or own, (2) a percentage of the sale of four paintings whose value he misrepresented, and (3) a percentage of the proceeds of a gallery show which he never arranged. On appeal, the defendant contends that the People failed to prove beyond a reasonable doubt that he intended to permanently deprive Miele of his money (Penal Law § 155.00 [3]; § 155.05 [1]). However, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence showed that the defendant did not intend to merely borrow Miele's money but had devised the scheme to divest Miele of it and, in fact, used the money to pay his own debts. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The People's evidence included a copy of a Sotheby's receipt which had been altered to show the appraised value of four paintings consigned by the defendant and Raphael Fiumara to be ten times more than the actual appraisal. Contrary to the defendant's contention, the altered receipt was properly admitted into evidence. Miele's testimony that it looked like the document shown to him by the defendant at the time of their deal sufficiently established its relevancy and connection to the defendant (see, People v McGee, 49 NY2d 48, cert denied sub nom. Waters v New York, 446 US 942; People v Mirenda, 23 NY2d 439). The fact that the receipt was found in Fiumara's home and that the source of the alteration was not established went to the weight of the evidence, not its admissibility. Since the document was not fungible evidence, chain of custody testimony was not required (see, People v McGee, supra).

The court permitted Miele to testify as to conversations translated by him from Italian to English and vice versa. Contrary to the defendant's contention, this testimony was not precluded by the ruling of the Court of Appeals in People v Romero (78 NY2d 355). Miele translated the subject conversations at the defendant's request, before Miele realized that he was a

victim, and he spoke both languages well enough for the defendant to ask him to interpret. Since the record presents no motive for Miele to mislead, nor any reason to question the accuracy of his translations, the testimony is admissible under the agency exception to the hearsay rule *(see, People v Randazzio,* 194 NY 147; *United States v Da Silva,* 725 F2d 828; *cf., People v Romero, supra).* In any event, a statement of a defendant made through an interpreter is admissible where, as here, the interpreter is called as a witness *(see, People v Randazzio, supra;* Richardson, Evidence § 557 [Prince 10th ed]).

Since Miele's trial testimony supports the court's determination of the amount of money due him from the defendant, no restitution hearing was required *(see,* Penal Law § 60.27 [2]). The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Altman, Hart and Friedmann, JJ., concur.