■ MELIKA MUSAID, as Parent and Natural Guardian of HUDAD ALI, an Infant, Appellant, v MERCY HOSPITAL OF BUFFALO et al., Respondents. (Appeal No. 1.) [672 NYS2d 573] —Judg-

ment unanimously reversed on the law with costs and new trial granted in accordance with the following Memorandum: Plaintiff commenced this action alleging that the injuries sustained by her infant daughter were caused by the negligence and malpractice of defendant Metin Gunduz, M.D., in leaving the examining room at defendant Mercy Hospital of Buffalo (Hospital) when plaintiff's daughter was on the examining table and the side rails were down. Plaintiff testified at trial that she was sitting about five or six feet from her daughter when Gunduz left the room and that, before leaving, Gunduz instructed plaintiff to dress her daughter. Plaintiff stood up and, as she turned to get her daughter's clothing, her daughter fell from the examining table. At the close of plaintiff's proof, Supreme Court dismissed the negligence and medical malpractice causes of action against the Hospital, but not the issue of its vicarious liability in the event the jury returned a verdict against Gunduz. The jury returned a verdict in favor of Gunduz both as to malpractice and negligence and thus the issue of the Hospital's vicarious liability was not considered. The court denied plaintiff's posttrial motion to set aside the verdict as against the weight of the evidence. That was error.

The court erred in denying plaintiff's motion to preclude the admission into evidence of an entry in the hospital record of plaintiff's daughter and an incident report prepared by a nurse employed in the emergency department of the Hospital. Both the entry and the incident report purported to relate what plaintiff told the nurse after her daughter fell from the examining table. According to the nurse's entry in the hospital record and the nurse's incident report, plaintiff stated that she was standing next to her daughter when she fell from the examining table. The nurse admitted at trial, however, that she did not recall exactly what plaintiff said when she described the incident, and she agreed that, if plaintiff stated "I was here", she could have been generally referring to the entire examining room. The nurse further admitted that what she had written in the incident report was only her understanding of how the accident had occurred.

The entry in the hospital record and the incident report were germane neither to treatment nor to diagnosis and were therefore not admissible under the business records exception to the hearsay rule (CPLR 4518; *see, Williams v Alexander*, 309 NY 283, 287; *Passino v DeRosa*, 199 AD2d 1017). Nor were they admissible as an admission. "Before the history portion of the hospital record can be received as an admission, the proponent must establish that the patient was the source of

the information recorded [citations omitted]" (Prince, Richardson on Evidence § 8-310, at 611 [Farrell 11th ed]). In *Passino v DeRosa (supra)*, we held that the history portion of a medical record could not properly be admitted as an admission because the doctor who read that portion into evidence could not state its source. We therefore ordered a new trial because the "improperly admitted evidence could have affected the jury verdict" (*Passino v DeRosa, supra*, at 1018). Here, the testimony of the nurse was equivocal at best with respect to what plaintiff told her. The nurse admitted that her entry that "[plaintiff] was standing next to the examining table" is something she "imagined" was told to her by plaintiff. The indicia of reliability required to support an admission are thus clearly absent. We therefore reverse the judgments and grant plaintiff a new trial on the negligence and malpractice causes of action against Gunduz and on the issue of the vicarious liability of the Hospital.

In light of our determination, it is unnecessary to review plaintiff's remaining contentions. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.— Negligence.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.