■ Olga Quispe, Respondent, v Lemle & Wolff, Inc., et al., Appellants. [698 NYS2d 652] —Order, Supreme Court, New York County (Peter Notaro, J.), entered August 12, 1998, which, insofar as appealed from, denied defendants' motion for a new trial on liability, unanimously affirmed, without costs.

There is no merit to defendants' argument that the trial court erred in not admitting into evidence a hospital triage report that contained conflicting information on whether plaintiff's injuries were caused by an eight-foot fall from a negligently maintained fire escape or by plaintiff's jumping out of her window from a height of eight feet to escape a fire. Plaintiff spoke only Spanish, and the nurse who prepared the triage report testified that the information he recorded was based on what he learned from an Emergency Medical Service (EMS) worker and a hospital translator, both of whom were unidentified and never called as witnesses. The hospital triage report was potentially admissible in evidence, either under the business entry exception to the hearsay rule or as an admission against interest, but only upon a showing by defendants, as proponents of the evidence, that plaintiff was the source of the information recorded (*see, Musaid v Mercy Hosp.*, 249 AD2d 958, 959-960, quoting Prince, Richardson on Evidence § 8-310, at 611 [Farrell 11th ed]), and that the translation was provided by a competent, objective interpreter whose translation was accurate, a fact generally established by calling the translator as a witness (*cf., People v Romero*, 78 NY2d 355, 362; *People v Generoso*, 219 AD2d 670, 671-672, *lv denied* 87 NY2d 901). Here, the nurse, who never spoke to plaintiff regarding the cause of her injuries, left it unclear whether he obtained his information pertaining thereto from the EMS person, the translator, or a combination of the two, and it is also unclear whether the translator obtained such information from plaintiff, the EMS person or a combination of the two. Moreover, since the disputed cause of plaintiff's injury, i.e., whether she fell from a height of eight feet or jumped from that height, is not germane to plaintiff's diagnosis or treatment, the history portion of the hospital record is not admissible under the business records exception to the hearsay rule (*see, Musaid v Mercy Hosp., supra,* at 959). Defendants' argument that the hospital record is admissible because the translator was plaintiff's agent was aptly characterized by the trial court as a "quantum leap" utterly without factual support. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.