# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**181**
**CA 15-00755**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

TERRY DUNN, PLAINTIFF-APPELLANT,

             V                      MEMORANDUM AND ORDER

DARNELL GARRETT, NIAGARA FRONTIER TRANSIT
METRO SYSTEM, INC., AND NIAGARA FRONTIER
TRANSPORTATION AUTHORITY, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

CAMPBELL & SHELTON, LLP, EDEN, MAGAVERN MAGAVERN GRIMM, LLP, BUFFALO
(EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DAVID J. STATE, GENERAL COUNSEL, BUFFALO (VICKY-MARIE J. BRUNETTE OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------------------

     Appeal from a judgment of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered October 17, 2014 in a personal injury action.
The judgment awarded plaintiff the sum of $26,605.00 as against
defendants.

     It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, those parts of the
motion seeking to set aside the verdict and a new trial are granted,
and a new trial is granted on the issues of causation, serious injury,
and damages.

     Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when the vehicle she was driving was
struck from behind by a passenger bus while the vehicle was stopped at
a red light. The bus was operated by defendant Darnell Garrett and
owned by the other defendants. Defendants conceded the issue of
negligence, and a trial was held on the issues of causation, serious
injury, and damages. The jury found that plaintiff did not suffer a
serious injury as a result of the accident (*see generally* Insurance
Law § 5102), but awarded plaintiff economic damages. Plaintiff moved
to set aside the verdict, for a directed verdict on the issue of
serious injury, and for a new trial on the issue of damages or,
alternatively, for "a new trial as to all remaining issues," but
Supreme Court denied that motion. Although plaintiff concedes on
appeal that there was sufficient evidence to support the jury's
verdict, she contends that the court erred in denying her motion on
the grounds that defense counsel's improper attacks on her
credibility, along with the court's confusing jury instructions,
denied her a fair trial. We agree with plaintiff that she was denied

a fair trial.

It is well settled that a cross-examiner at trial is "bound by the answers of the witness to questions on collateral matters inquired into solely to affect credibility" (Jerome Prince, Richardson on Evidence § 6-305 [Farrell 11th ed 1995]), and extrinsic evidence cannot be used to impeach a witness's credibility after the witness has provided an answer with which the cross-examiner is unsatisfied (see Badr v Hogan, 75 NY2d 629, 634-636; Muye v Liben, 282 AD2d 661, 662). Here, defense counsel asked plaintiff during cross-examination whether she had failed an employment-related drug test, a collateral issue relevant only to plaintiff's credibility. In response, plaintiff testified that the test result was a "false positive" that was proved false upon retesting. Defense counsel then violated the collateral evidence rule when she not only referred to a lack of evidence supporting plaintiff's assertion, but introduced the drug test result in evidence in an attempt to impeach plaintiff's credibility (see Badr, 75 NY2d at 635; Huff v Rodriguez, 88 AD3d 1274, 1275).

The impact of that improper conduct was compounded when defense counsel thereafter questioned defendant's medical expert, over plaintiff's objection, about "drug use history" notations in plaintiff's medical records that, according to the expert, raised questions as to plaintiff's "credibility." We conclude that the court erred in permitting the expert to opine on plaintiff's credibility (see Kravitz v Long Is. Jewish-Hillside Med. Ctr., 113 AD2d 577, 580-581), and further erred in permitting the expert to testify about entries in another doctor's records concerning allegedly inconsistent details about the accident. Those entries, which defense counsel mentioned in summation, "were germane neither to treatment nor to diagnosis and were therefore not admissible under the business records exception to the hearsay rule" (Musaid v Mercy Hosp. of Buffalo, 249 AD2d 958, 959) and, because there is nothing in the record to establish that plaintiff was the source of the information contained in them, the entries are not admissible as admissions (see id. at 959-960; see also Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96).

Finally, despite the court's pretrial ruling precluding defendants from questioning plaintiff about a personal injury claim she had filed in connection with a prior accident, defense counsel, over objection, asked plaintiff if she had been involved in any "legal action" related to her "neck and/or back condition." Because evidence of prior accidents and lawsuits related thereto "may not [be used to] . . . demonstrate that plaintiff is litigious and therefore unworthy of belief" (Molinari v Conforti & Eisele, 54 AD2d 1113, 1114), it was error for the court to allow that questioning. In our view, the improper attacks on plaintiff's credibility, viewed as a whole, denied plaintiff a fair trial.

In light of our determination, we need not address plaintiff's remaining contentions.

Entered:  April 29, 2016                Frances E. Cafarell
                                        Clerk of the Court