Nava-Juarez v Mosholu Fieldston Realty, LLC (2018 NY Slip Op 08744)





Nava-Juarez v Mosholu Fieldston Realty, LLC


2018 NY Slip Op 08744


Decided on December 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Singh, JJ.


7256 301694/14

[*1]Eusebio Nava-Juarez, Plaintiff-Appellant,
v
Mosholu Fieldston Realty, LLC, et al., Defendants-Respondents.


Oresky & Associates, PLLC, Bronx (John J. Nonnenmacher of counsel), for appellant.
Methfessel & Werbel, New York (Frank J. Keenan of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 9, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established his prima facie entitlement to partial summary judgment on his section 240(1) claim through his testimony that he fell and was injured when the ladder he was working on shifted suddenly and the affidavit of a coworker who witnessed the accident and averred that plaintiff was painting the exterior facade of defendant's tavern when his ladder shifted, causing plaintiff to fall from his position three-quarters of the way up the ladder.
Defendants, in turn, failed to raise a triable issue of fact. Hearsay, standing alone, is insufficient to defeat summary judgment. The mistranslated statement in the C-3 report ("while walking I fell down stairs") does not qualify as a prior inconsistent statement or as a business record so as to fit within an exception to the hearsay rule (see Van Dina v City of New York, 292 AD2d 267 [1st Dept 2002]; Quispe v Lemle & Wolf., Inc., 266 AD2d 95, 96 [1st Dept 1999]; see e.g. Coker v Bakkal Foods, Inc., 52 AD3d 765, 766 [2d Dept 2008], lv denied 11 NY3d 708 [2008] [entry in hospital record made by physician's assistant was properly precluded where it was unclear whether the plaintiff was the source of information that she had fallen at home, as opposed to at the defendant's store]). The declaration against interest hearsay exception to the hearsay rule is likewise inapplicable inasmuch as, among other reasons, the declarant was indisputably unaware that the statement was adverse when made (see People v Soto, 26 NY3d 455, 460-461 [2015]).
Defendants, as the proponents of the evidence, were obligated to show that plaintiff was the source of the information recorded in the C-3 indicating that he fell from "stairs," and that "the translation was provided by a competent, objective interpreter whose translation was accurate, a fact generally established by calling the translator to the stand" (Quispe, 266 AD2d at 96). This defendants have failed to do. The C-3 form was prepared by plaintiff's worker's compensation attorney with the aid of a translator. Plaintiff averred that he told the translator "Mientras estaba trabajando me cai de una escalera," and asserts that the statement should have been translated as "While working I fell off a ladder."[FN1] It should be noted that the Spanish word "escalera" may be translated as either "stairs" or "ladder" (see Oxford Spanish Dictionary [1994]). In this case, of course, there were no "stairs" to speak of as the premises is a one-story building and does not have an exterior staircase. Plaintiff was incapable of discovering the error in the translation of the description of his accident because he could not read English and correct [*2]the statement.
Defendant Mosholu Realty, as the fee owner of the subject premises, is liable for any Labor Law violation occurring on the premises, regardless of whether it lacked knowledge of the work or control over how it was performed (see Sanatass v Consolidated Investing Co., Inc., 10 NY3d 333, 335 [2008]). Defendant Mosholu Enterprises is liable as the tenant who hired plaintiff's employer (cf. Guzman v L.M.P. Realty Corp., 262 AD2d 99 [1st Dept 1999]). The testimony of Mosholu Enterprises' witness, who admittedly lacked knowledge about the extent of the work plaintiff's employer was hired to perform in September 2013, was insufficient to raise a triable issue of fact sufficient to defeat summary judgment. Mosholu's witness admitted that she allowed another person to act as her agent in connection with work plaintiff's employer performed on an "as needed basis."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 20, 2018
CLERK



Footnotes

Footnote 1:An FDNY prehospital report submitted on reply similarly noted that "patient fell off a ladder about 15-20 feet."