Sanchez v 1 Burgess Rd., LLC (2021 NY Slip Op 03928)





Sanchez v 1 Burgess Rd., LLC


2021 NY Slip Op 03928


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 303466/16 Appeal No. 14094 Case No. 2021-00659 

[*1]Gregorio Sanchez, Plaintiff-Respondent,
v
1 Burgess Road, LLC, Defendant-Appellant.


Harrington, Ocko & Monk, LLP, White Plains (Adam G. Greenberg of counsel), for appellant.
Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 20, 2020, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff's testimony that he fell 20 feet to the ground when scaffold planks on which he was working broke or came loose showed prima facie that his injuries were proximately caused by a violation of Labor Law § 240(1) (see Jerdonek v 41 W. 42 LLC, 143 AD3d 43, 45 [1st Dept 2016]). Whether he fell about 6, 8, or 20 feet, or whether he fell directly through the middle of the scaffold is not dispositive, since the statute was violated under any version of the accident (see id.; Ordonez v One City Block, LLC, 191 AD3d 412, 414 [1st Dept 2021]). Nor does "[a] lack of certainty as to exactly what preceded plaintiff's fall" raise issues of fact (Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 [1st Dept 2005]; see Ajche v Park Ave. Plaza Owner, LLC, 171 AD3d 411, 413 [1st Dept 2019]). Plaintiff was not required to demonstrate a specific defect in the scaffold, and it is not dispositive that the scaffold had recently been used without incident (see Martinez v St-Dil LLC, 192 AD3d 511, 512-513 [1st Dept 2021]; Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408 [1st Dept 2019]). Even if plaintiff improperly removed nails from scaffold planks while kneeling on them in an attempt to perform his assigned task of raising the planks, this was at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Ordonez, 191 AD3d at 413).
The pre-care medical report by a paramedic setting forth a statement by plaintiff as to how the accident occurred is inadmissible, since defendant failed to show "that the translation was provided by a competent, objective interpreter whose translation was accurate" (Nava-Juarez v Mosholu Fieldston Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018] [internal quotation marks omitted]), and failed "to demonstrate acceptable excuse for [its] failure to meet the strict requirement of tender in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021