Begnoja v Hudson Riv. Park Trust (2025 NY Slip Op 02847)

Begnoja v Hudson Riv. Park Trust

2025 NY Slip Op 02847

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 152938/20|Appeal No. 4314|Case No. 2024-03121|

[*1]Alen Begnoja, Plaintiff-Respondent,
v
Hudson River Park Trust, et al., Defendants-Appellants, Horizon Contracting, LLC, Defendant-Respondent.

Super P57 LLC, et al., Third-Party Plaintiffs-Appellants,
v
Fahrenheit Mechanical LLC, Third-Party Defendant, John's Insulation, Inc., Third-Party Defendant-Respondent.

Hudson River Park Trust, Second Third-Party Plaintiff-Appellant,
v
Fahrenheit Mechanical LLC, Second Third-Party Defendant, John's Insulation, Inc., Second Third-Party Defendant-Respondent.

City Winery, LLC, et al., Third Third-Party Plaintiffs-Appellants,
v
John's Insulation, Inc., Third Third-Party Defendant-Respondent.

Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for RXR Construction Services LLC, City Winery NY-Pier 57, LLC, appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood, II of counsel), for Alen Begnoja, respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 12, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiff for summary judgment on his Labor Law § 240(1) cause of action as against defendants Super P57 LLC, RXR Pier 57 MT LLC, RXR Realty LLC, RXR Construction Services LLC, City Winery, LLC, and City Winery NY-Pier 57, LLC, unanimously affirmed, without costs.
Plaintiff, who fell from a ladder while insulating ductwork in a ceiling, established prima facie entitlement to summary judgment on his Labor Law § 240(1) cause of action by demonstrating that "adequate safety devices to prevent [his] ladder from slipping or to protect [him] from falling were absent" (Rivera v 712 Fifth Ave. Owner LP, 229 AD3d 401, 402 [1st Dept 2024] [internal quotation marks omitted]). Testimony by plaintiff and a coworker eyewitness established that plaintiff was not provided with any other safety protection except the ladder, which fell along with plaintiff (see id.). Thus, "the absence of protective devices proximately caused his injuries" (Augustyn v City of New York, 95 AD3d 683, 684 [1st Dept 2012]). Nor was plaintiff required to demonstrate that the ladder was defective to establish prima facie entitlement to summary judgment on his Labor Law § 240(1) cause of action (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]).
In opposition, defendants failed to raise a triable issue of fact. Given that plaintiff was not provided with adequate safety devices, "the statute was violated under any version of the accident" (Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 531 [1st Dept 2021]). "Nor does a lack of certainty as to exactly what preceded plaintiff's fall raise issues of fact" (id. [internal quotation marks and brackets omitted]). Additionally, whether plaintiff had to lean while he was standing on the ladder is immaterial because, given the lack of safeguards, "any alleged misuse by him constitutes at most comparative negligence" (Hoxhaj v West 30th HL, LLC, 195 AD3d 503, 504 [1st Dept 2021]).Furthermore, plaintiff's testimony was largely corroborated by two eyewitnesses and was not incredible as a matter of law (see Venezia v LTS 711 11th Ave., 201 AD3d 493, 496 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025