Berrones v 130 E. 18 Owners Corp. (2025 NY Slip Op 03629)

Berrones v 130 E. 18 Owners Corp.

2025 NY Slip Op 03629

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Index No. 159487/19 595362/20|Appeal No. 4580|Case No. 2024-03971|

[*1]Marcos Berrones, Plaintiff-Respondent,
v
130 E. 18 Owners Corp., et al., Defendants-Respondents-Appellants.
Inter Renovation Inc., Third-Party Plaintiff-Appellant-Respondent.
v
Unibud Restoration Corp., Third-Party Defendant-Respondent, Brenmac Corp., Third-Party Defendant-Respondent- Appellant.

Brody Law Group, PLLC, New York (Adam J. Frank of counsel), for appellant-respondent.
Fuchs Rosenzweig PLLC, New York (Valerie Prizimenter of counsel), for Inter Renovation Inc., respondent-appellant.
Romano Benowitz & Brochetelli LLP, New York (Jonathan Uejio of counsel), for 130 E. 18 Owners Corp. and BrenMac Corp., respondents-appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, New York County (Hon. Lyle E. Frank), entered June 13, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim against defendants 130 E. 18 Owners Corp. and Inter Renovation Inc., denied Inter's motion for summary judgment dismissing the complaint as against it and on its third-party claims against Unibud Restoration Corp. for contractual indemnification and breach of an insurance procurement clause, and denied third-party defendant Brenmac Corp.'s motion for summary judgment dismissing the third-party complaint and all cross-claims against it, unanimously modified, on the law, to grant Brenmac's motion, grant Inter's motion on the Labor Law § 200 and common-law negligence claims and on its claims for contractual indemnification and breach of an insurance procurement clause as against Unibud, and otherwise affirmed, without costs.
The motion court correctly granted plaintiff partial summary judgment on his Labor Law § 240(1) claim, where he fell through a gap between a pipe scaffold and building faÇade that was hidden by plastic nailed to the scaffold and building (see Hernandez v 767 Fifth Partners, LLC, 199 AD3d 484, 485 [1st Dept 2021]; Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 592 [1st Dept 2010]). The secondhand hearsay accounts of the accident, allegedly relayed to the owners of Unibud, plaintiff's employer, and Inter, the general contractor, by plaintiff's foreman, are insufficient to defeat plaintiff's entitlement to summary judgment (see Lourenco v City of New York, 228 AD3d 577, 582 [1st Dept 2024]). Similarly, notations in uncertified hospital records do not rebut plaintiff's showing where no evidence was adduced that the information was properly translated for plaintiff and the disputed cause of plaintiff's injury was not germane to his diagnosis or treatment (see Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96 [1st Dept 1999]; see also Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 532 [1st Dept 2021]).
Inter's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it should have been granted, as the record establishes that plaintiff's injury resulted from the manner and means in which the work of his employer (Unibud) was performed, namely, a defect in the scaffold erected by Unibud (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139 [1st Dept 2012]).
Brenmac should have been granted summary judgment dismissing the third-party complaint and all cross-claims against it. Plaintiff testified that the sidewalk bridge, the construction of which was the limit of Brenmac's work, had no involvement in his accident; he fell from a pipe scaffold erected by Unibud. That fact also triggered the indemnity clause in the indemnification rider between Inter and Unibud, making Inter entitled to a finding of indemnification against Unibud (see Quiroz v New York [*2]Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]). Inter is also entitled to summary judgment on its claim that Unibud breached the insurance procurement clause in the contract between them (Kinney v Lisk Co., 76 NY2d 215, 219 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025