Batis v 85 Jay St. (Brooklyn), LLC (2025 NY Slip Op 04619)

Batis v 85 Jay St. (Brooklyn), LLC

2025 NY Slip Op 04619

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-12369
 (Index No. 517525/20)

[*1]Omar Batis, appellant, 
v
85 Jay Street (Brooklyn), LLC, et al., respondents, et al., defendant.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Talene D. White of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 5, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants 85 Jay Street (Brooklyn), LLC, and New Line Structures & Development, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants 85 Jay Street (Brooklyn), LLC, and New Line Structures & Development, LLC, is granted.
On September 2, 2020, the plaintiff allegedly was injured at a construction site on property owned by the defendant 85 Jay Street (Brooklyn), LLC (hereinafter 85 Jay). The plaintiff alleged that he was standing on a ladder while installing sheetrock when the ladder suddenly moved, causing him to fall. The defendant New Line Structures & Development, LLC (hereinafter New Line), was the construction manager for the work performed at the construction site.
The plaintiff commenced this action against 85 Jay and New Line (hereinafter together the defendants), and another defendant, asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). The plaintiff subsequently moved for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendants. In an order dated December 5, 2023, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124; see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748). "[A] plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d 1122, 1124).
Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. In support of his motion, the plaintiff submitted, inter alia, a transcript of his deposition testimony, which established that the unsecured ladder moved, causing him to fall (see Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222; Vicuna v Vista Woods, LLC, 168 AD3d 1124, 1125; Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759-760). In opposition, the defendants failed to raise a triable issue of fact. The documents submitted by the defendants in opposition to the plaintiff's motion, which relied on a statement the plaintiff allegedly made to his foreman in Spanish, were insufficient to raise a triable issue of fact. The defendants did not submit any deposition testimony or affidavit from the foreman, and they failed to show that the translation of the statement was provided by a competent, objective interpreter whose translation was accurate (see De Souza v Hudson Yards Constr. II LLC, 231 AD3d 614; Sanchez v 1 Burgess Rd., LLC, 195 AD3d 531, 532).
Contrary to the defendants' contention, the plaintiff was entitled to summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against New Line. The plaintiff demonstrated, prima facie, that New Line was a statutory agent for the purpose of liability under the Labor Law by showing that New Line had the authority to supervise and control the injury-producing work (see Valdez v Turner Constr. Co., 171 AD3d 836, 839; Tomyuk v Junefield Assoc., 57 AD3d 518, 520; Lodato v Greyhawk N. Am., LLC, 39 AD3d 491, 493). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants.
DILLON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court