Brito v City of New York (2026 NY Slip Op 00576)

Brito v City of New York

2026 NY Slip Op 00576

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 162008/18|Appeal No. 5748|Case No. 2024-03645|

[*1]Rafael Brito, Plaintiff-Respondent,
vCity of New York, et al., Defendants-Appellants.
GTL Construction, LLC, Defendant-Third-Party Plaintiff- Appellant,
vJLM Decorating, Inc., Third-Party Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Julia Audibert of counsel), for City of New York, City of New York Department of Small Business Services, South Street Seaport Limited Partnership, Seaport Management Development Company, LLC, The Howard Hughes Corporation and GTL Construction, LLC, appellants.
McCormick & Priore, P.C., Rye Brook (Steven R. Gustavson of counsel), for JLM Decorating, Inc., appellant.
Hecht Kleeger & Damashek, P.C., New York (Ephrem J. Wertenteil of counsel), for respondent.

Order, Supreme Court, New York County (Lori S. Satler, J.), entered on or about May 9, 2024, which, to the extent appealed, granted plaintiff partial summary judgment on his claim pursuant to Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to summary judgment on his Labor Law § 240(1) claim by presenting his uncontroverted testimony that a ladder he was using to paint a ceiling suddenly shifted to the right as he was descending from it, causing him to lose his balance and fall off the ladder to the left (see Duran v ERY Retail Podium LLC, 238 AD3d 665, 665 [1st Dept 2025]; Suazo v 501 Madison-Sutton LLC, 235 AD3d 513, 513 [1st Dept 2025]). That plaintiff may have inspected the ladder before he used it and found no problems with it is irrelevant to whether he is entitled to recover under the statute (see Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]).
Defendants failed to raise an issue of fact as to whether the ladder was adequate or whether plaintiff's own conduct was the sole proximate cause of the accident (see Duran, 238 AD3d at 665). Defendants' claim that plaintiff did not fall due to a wobbly ladder, but rather because he missed a step as he was climbing down, is supported only by a single-page computer printout from plaintiff's emergency room medical chart, which suffers from a number of evidentiary maladies. First, the record is uncertified (see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417 [1st Dept 2021]). Further, the medical record does not qualify for the business record exception to the hearsay rule because the cause of plaintiff's injury was not germane to his diagnosis or treatment (see Quispe v Lemle & Wolff, Inc., 266 AD2d 95, 96 [1st Dept 1999]), and there is no indication that the statement, if it was in fact given by plaintiff, a non-English speaker, was accurately translated (see Lourenco v City of New York, 228 AD3d 577, 581-582 [1st Dept 2024]). Contrary to defendants' arguments, any inconsistencies in plaintiff's testimony regarding unrelated matters do not serve to bolster the medical record since the inconsistencies were minor, caused by plaintiff's misunderstanding of some of the questions and problems with the translation, and ultimately clarified. To the extent defendants attempt to argue that plaintiff was the sole proximate cause of the accident because he did not search out a safety device better suited to the task, such as a baker scaffold, we note that his own foreman set up the ladder and that, in any event, there is no evidence that there were scaffolds available on the job site for his use, or that he knew he should use them or where he could find them (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026